# Elizabeth Greenfield v. East Harrisburg Passenger Railway Company, Appellant.

*Negligence—Street railways—Crossing—Collision with wagon.*

In an action against a street railway company operating an electric railway, to recover damages for the killing of plaintiff's husband while he was driving a two horse wagon over the railway at a public crossing, the case is for the jury where the evidence for the plaintiff though contradicted is in effect that the car which collided with the wagon was run at a high rate of speed, that no signal was given, that the deceased looked and listened before going upon the track, and that obstructions of the view at the crossing made it a dangerous one.

Argued June 2, 1896. Appeal, No. 20, May T., 1896, by defendant, from judgment of C. P. Dauphin Co., June T., 1895, No. 57, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before SIMONTON, P. J.

At the trial it appeared that plaintiff's husband, Irwin J. Greenfield, was injured by one of defendant's cars on October 18, 1894, and died from his injuries on October 24. The accident occurred at the intersection of Derry street and 19 1/2 street. The defendant operated a single track electric railway upon Derry street. At the southeast corner of the intersection of the two streets was a stable fronting on Derry street and extending back along 19 1/2 street about twenty feet. To the east of the stable on the south side of Derry street about two hundred feet was an ice house with a frontage of about sixty feet on Derry street and a depth of about seventy or eighty feet. 19 1/2 street descended by a very steep grade from Derry street until it reached the rear end of the stable. From the crossing eastward Derry street is substantially level for a distance of about two hundred and fifty feet to a point near the ice house. From this point it rises by a long steep grade. To the west, beginning at 19 1/2 street, Derry street rose by a heavy grade. There was evidence that on the day of the accident a large covered wagon was standing at the crossing in

such a position as to obstruct the view of the track to the east. Greenfield approached the crossing from the south driving along 19 1/2 street. He had a two horse team attached to a large heavy wagon which was uncovered, except that it had a large umbrella over the driver's seat. As he went upon the tracks he was struck by a car coming from the east, and received the injuries from which he died. The evidence for the plaintiff was that the car was running at a high rate of speed, and that no signal was given. This, however, was contradicted by the defendant's witnesses. The evidence also showed that the deceased stopped at a point below the stable, from which point the track could be seen for a distance of about fifty feet between the stable and the ice house. From the time that Greenfield, after having stopped, started up the grade until he was thrown from his wagon, almost every fact relating to his conduct as well as to the conduct of the defendant's employees was the subject of conflicting testimony.

Defendant's points and answers thereto among others were as follows:

1. If the jury believe that a covered wagon obstructed the view of the approaching car the caution and duty to look and listen was imposed upon the decedent, and his failure to do so was contributory negligence and no recovery can be had. *Answer:* Refused. [1]

2. If the jury believe the uncontradicted evidence of both plaintiff and defendant that there was a space of twenty-eight feet between the front line of the stable and the near rail, not more than eight or ten feet of which could possibly be obstructed by the wagon, the decedent's failure to look and listen is conclusive evidence against a recovery in the case. *Answer:* Refused. [2]

3. If the jury believe that the collision took place when Greenfield was in the act of crossing the track; that he whipped or urged his horses in the belief that he could cross the track in safety, or, as he expressed it, " I thought I could make it," the plaintiff cannot recover, because whether Greenfield looked or listened or did not do so, he did not, as he was legally bound to do, use his eyes or ears or senses as to the approaching car. *Answer:* Refused. [3]

4. Upon testimony offered by the plaintiff she is not entitled to recover in the action. *Answer:* Refused. [4]

5. Under all the evidence in the case the verdict should be for the defendant. *Answer:* Reserved. [5]

Verdict and judgment for plaintiff for $3,700. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*Lyman D. Gilbert,* with him *John H. Weiss,* for appellant.—
The decedent was guilty of contributory negligence : Beynon v. R. R., 168 Pa. 642 ; Omslaer v. Pittsburg & Birmingham Co., 168 Pa. 519 ; Holden v. Penna. R. R., 169 Pa. 1 ; Lees v. R. R., 154 Pa. 46 ; Blight v. Camden R. R., 143 Pa. 10 ; Hauser v. Central R. R., 147 Pa. 440 ; Myers v. B. & O. R. R., 150 Pa. 386 ; Derk v. N. C. R. R., 164 Pa. 243 ; Seamans v. D., L. & W. Co., 174 Pa. 421 ; Patton v. Phila. Traction Co., 132 Pa. 76 ; Howett v. P., W. & B. R. R., 166 Pa. 607 ; Thomas v. Citizens' Pass. Ry. Co., 132 Pa. 504.

*M. W. Jacobs,* with him *James I. Chamberlin,* for appellee, cited as to the case being for the jury, Ely v. Ry., 158 Pa. 233 ; Smith v. R. R., 158 Pa. 82 ; Gray v. R. R., 172 Pa. 383 ; Davidson v. Ry., 171 Pa. 522 ; as to defendant's negligence: Dunseath v. Traction Co., 161 Pa. 124 ; Hauser v. R. R., 147 Pa. 440 ; R. R. v. Brandtmaier, 113 Pa. 610 ; Ellis v. R. R., 138 Pa. 506 ; Link v. R. R., 165 Pa. 75 ; Howett v. P., W. & B. R. R., 166 Pa. 607 ; as to alleged contributory negligence of the deceased: R. R. v. Werner, 89 Pa. 59 ; Schum v. R. R., 107 Pa. 8 ; Mc-Neal v. Ry. Co., 131 Pa. 184.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 5, 1896 :

While the testimony in this case is more or less conflicting and unsatisfactory, it sufficiently presented, inter alia, two controlling questions of fact which it was the duty of the court to submit to the jury for their determination, viz : 1st. Whether defendant company's employees, in charge of the car in question, were guilty of negligence which occasioned the death of plaintiff's husband ; and 2d. Whether any negligent act of the latter contributed to his injury and consequent death. These

and all other questions of fact arising out of the testimony were fairly and fully submitted to the jury by the learned president of the common pleas in a clear and adequate charge to which no exception appears to have been taken. Without referring to the charge in detail, it is sufficient to say that it embraces and correctly disposes of every legal question involved in the case. After fully explaining what constitutes negligence, contributory negligence, etc., and calling attention to the testimony relating thereto, the jury were instructed to determine, in the first place, whether the plaintiff had satisfied them "by the weight of the evidence that there was negligence on the part of the persons running the car. . . . If they were not negligent, there could be no recovery." If on the other hand the jury came to the conclusion that defendant's servants were negligent, their next duty was to determine whether plaintiff's husband was also guilty of negligence. After referring to the testimony relating to that question the learned judge proceeded to further instruct the jury as follows: "All these matters you will have to take into consideration, and endeavor to ascertain what the facts really were, reconciling the testimony of the different witnesses, if you can, and determining which are entitled to credit, and what the facts really are; and, having ascertained that, determine whether the facts, as they are, show that the deceased acted as a person of ordinary care and prudence would act, or ought to act . . . . under the circumstances. If he did, he was not negligent. If he did not, he was negligent and . . . . the plaintiff cannot recover."

Acting under full and comprehensive instructions, covering all the questions presented by the testimony, the jury, by their verdict, definitively settled in favor of the plaintiff every material question of fact in controversy.

We find nothing in the record that would justify us in sustaining any of the specifications of error; nor do we think either of them requires discussion. In the fourth and fifth, binding instructions, unwarranted by the testimony, were requested. The others are, in part at least, predicated of facts which were neither admitted nor conclusively established by undisputed evidence. In the concluding clause of the third, it is assumed as a fact that "he (the deceased) did not as he was legally bound to do, use his eyes or ears or senses as to the approach-

ing car." No such fact was either admitted or conclusively proved. Whether it was so or not was a question of fact for the jury. As has been remarked, the testimony was more or less conflicting and unsatisfactory in relation to that, as well as other matters that are improperly assumed in the first three points. The case was carefully tried, and the judgment should not be disturbed.

Judgment affirmed.