CHARLES P. DENNIS, PLAINTIFF BELOW, DEFENDANT IN ERROR, v. THE NORTH JERSEY STREET RAILWAY COMPANY, DEFENDANT BELOW, PLAINTIFF IN ERROR.

Submitted December 9, 1899—Decided February 26, 1900.

1. It is not error in a trial judge to charge the jury that if the motorman operating on the public streets an electric street railway car, on which a bell or gong is maintained to be rung or sounded as a signal of danger, fails to give timely signals of danger in approaching a street crossing which he intends to cross, that such failure is evidence of negligence on the part of the motorman.

2. The principle of law is now well established, and must be applied, that it is not negligence *per se* or negligence in law for a person driving a vehicle in approaching a street crossing over which he intends to cross, to fail to look for an approaching street car, in order to avoid danger from it. The questions whether he was negligent or not must be submitted to the jury for them to determine as a question of fact.

On error.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *Robert H. McCarter.*

For the defendant, *Joseph Coult.*

The opinion of the court was delivered by

LIPPINCOTT, J. The plaintiff in this action is an undertaker, in the city of Newark. On December 27th, 1898, between six and seven o'clock, after dark, he was driving his wagon northwardly along Plane street to cross Central avenue. Central avenue is traversed by the trolley cars of the defendant company, with two tracks of railway thereon. Central avenue, as it approaches Plane street, has a very considerable descending grade. The plaintiff's wagon, as he was crossing Central avenue, was struck by a car coming down Central avenue and overturned, and he himself injured.

The plaintiff testifies that he approached Central avenue, on Plane street, on a slow trot; that as he got near the corner he was watching for the cars; that he could see both sides; that he saw no car, nor did he hear any bell rung, and proceeded across, and just as he was getting over the track he was struck by the car coming down Central avenue. He had rubber tires on his wagon, and he thinks if the bell had rung before the car reached this crossing he would have heard it. He testifies that he did not see any headlight on the car until it struck him. Several witnesses testify that the car was running very fast down the hill as it approached this crossing, and that the bell was not heard by them to ring. Some of the witnesses say that no bell was rung, and that the car struck the wagon with such force that the collision was heard at a considerable distance. Some of the witnesses say that the plaintiff was struck just as he was entering upon the track, and some think it was just as he was getting off the track. The car proceeded a short distance, carrying the wagon with it, before it stopped. This is the general character of the evidence upon the part of the plaintiff relating to the accident.

A motion to nonsuit was made on the grounds—first, that no negligence was shown on the part of the servants of the defendant company in the operation of the car, and secondly, that the plaintiff was guilty of contributory negligence. This motion was refused, and on this refusal error is assigned.

The trial court correctly refused this. There was evidence

that the motorman was running his car' very rapidly down the hill towards this crossing, and that he was not ringing or sounding the bell attached to the car as a signal of his approach with the car. It was, therefore, certainly a question for the jury to determine whether the motorman was exercising reasonable care in operating his car under all the circumstances. So, also, it was for the jury to determine whether the plaintiff was, under all the circumstances, guilty of contributory negligence. Whether he acted as a prudent man, under the circumstances, was for the jury.

The plaintiff was not bound, as matter of law, to stop, look or listen for the approach of the car before going over the crossing. The precise question whether he was in the exercise of reasonable care was for the jury. *Traction Co.* v. *Scott,* 29 *Vroom* 682 ; *Traction Co.* v. *Haight,* 30 *Id.* 577 ; *Traction Co.* v. *Glynn, Id.* 432 ;. *Traction Co.* v; *Lambertson, Id.* 297 ; *Electric Railway Co.* v. *Miller, Id.* 423 ; *Traction Co.* v. *Chenowith,* 29 *Id.* 416 ; *affirmed,* 32 *Id.* 554.

The testimony on the part of the defendant was directed to the establishment of every reasonable precaution and reasonble care on the part of the motorman in operating his car towards and over the crossing to avoid injury. It was also directed to the establishment of the want of reasonable care, or contributory negligence, on the part of the plaintiff.

Upon the facts a submission on all these questions to the jury was required.

The remaining question is whether the trial court erred in its instructions to the jury.

Error on this branch of the case is assigned on the refusal to charge the jury that " a person crossing a street in a wagon is bound to look for approaching vehicles, and if neglecting so to do is hurt, he will be considered to have contributed to the injury by his negligence, and will be barred from recovery against the person who inflicted it."

It will be perceived that the request is that, as matter of law, if the plaintiff fails to look for an approaching car, and is hurt, it is contributory negligence.

This proposition has never been supported by any case in New Jersey, nor is it founded in reason in determining the liabilities of those who are in the common use of the highway. The request would have been proper perhaps if it had contained the further provision that if the failure to look for the approaching car was the want of ordinary care under the circumstances, and that such neglect contributed to the accident, then no recovery could be had. The mere failure of the plaintiff in his wagon to look for the approaching car, is not negligence in him, unless it contributed, in some degree, to his injury. *Consolidated Traction Co.* v. *Scott*, 29 *Vroom* 682. And if the failure to look for an approaching car be established, still the further fact must be found by the jury, that it was the want of the exercise, under all the circumstances, of reasonable care, and that it contributed to the injury, before the defendant can be relieved of liability.

The other assignment of error is to an excerpt from the charge of the trial judge to the jury, as follows : " If you find that signals and timely signals were not given, indicating the approach of this car to the street crossing, that I charge you is evidence of negligence."

Now, it will be noticed as a fact that the bell or gong was maintained upon the car for use as a danger signal, and that this car was approaching, on a down grade, a street crossing where persons with and without vehicles were likely to be in the act of crossing at the time when the car would probably reach that point.

The court in its charge had already instructed the jury that recovery could only be had upon the basis of some legally negligent act or omission of the motorman, and that such negligent act or omission, whether of high speed of car or want of sounding the bell as a warning of the approach of the car, must be the proximate cause of the injury to the plaintiff, and therefore, in regard to the operation of this car on the street, approaching a crossing where persons were likely to be in the use of the street, what more correct exposition of the law to the jury could be made than that a failure

of signals and timely signals of the approach of the car to the crossing was evidence of negligence? The court had already said that whether signals were given or not was a question for the jury, and if timely signals were given, then that alleged element of negligence was to be excluded from the consideration of the jury, and that then there could, on that ground, be no recovery.

As this instruction is understood it was no more than that the motorman was bound to exercise reasonable care in the operation of his car along the street in approaching the crossing, so as to avoid danger to anyone likely to be there on the crossing in so far as such reasonable care would so result, and that having a signal of warning he was bound to exercise reasonable care in using it, or make timely use of it.

Besides, whatever may be the reasoning upon the matter, this instruction has, in two cases in the Court of Errors and Appeals, been declared to be a correct exposition of the principle of law regulating the operation of electric street railway cars in the use of the streets, and the doctrine is now authoritative in this state. Almost this exact language used by the trial judge in this case, in his charge to the jury, has, in this respect, been considered and approved in two cases in the Court of Errors and Appeals as correct.

In both these cases it is held that such "timely" warning of the approach of a trolley car must be given as will enable others to avoid any danger from it. *Traction Co.* v. *Haight,* 30 *Vroom* 577 ; *Consolidated Traction Co.* v. *Chenowith,* 32 *Id.* 554, 559. In the latter case the learned Chancellor laid down the doctrine as follows: " We deem that in the operation of such cars the use of audible warning signals of their approach is so plain and constant a requisite of care and prudence that we should hold it a legal duty." In this latter case the charge was " that it was the duty of the defendant to give audible signals of the approach of its cars, and that nonperformance of this duty was evidence of negligence on the part of the defendant."

The judgment must be affirmed, with costs.