MEMPHIS   ST.   RY.   CO.   v.   WILSON.

*(Jackson.   May   19,   1902.)*

1. CHARGE OF COURT.  *Considered as an entirety.*

In determining whether the Court's charge is erroneous, it will be considered as an entirety, and not by detached portions. (*Post, pp. 620, 621.*)

Cases cited: State *v.* Cagle, 2 Hum., 416; Clark *v.* Thomas, 4 Heis., 419; Railroad *v.* Humphreys, 12 Lea, 205; Railroad *v.* Pugh, 97 Tenn., 624; Railroad *v.* Wyrick, 99 Tenn., 505.

2. SAME.  *Correct as to mutual and concurrent proximate negligence.*

In an action against a street railway company by a person injured by a collision of vehicles at a road crossing, the Court's charge upon the subject of negligence is not erroneous which states in substance and effect that plaintiff cannot recover unless defendant did some act or omitted some duty that proximately caused the collision and injury, and not then, if his own negligence concurred with plaintiff's and contributed likewise proximately to the same result.  (*Post, pp. 620, 621.*)

Cases cited: Saunders *v.* Railroad, 99 Tenn., 135; Barr *v.* Railroad, 105 Tenn., 547; Nashville *v.* Norman. *ante,* p. 324.

3. SAME.  *Not erroneous as requiring too high degree of care of street railway company.*

In an action against a street railway company by a person injured by collision of vehicles at road crossing, the Court's charge is not erroneous as requiring too high a degree of care of the street railway company to avoid collisions at crossings, which states that the motorman, on approaching a crossing, must have his car under reasonable control, so as to be able to stop it and avoid collisions, where this statement is followed and explained by other language which implies that the motorman is required to keep a lookout ahead on approaching crossings and to exercise ordinary care to see persons and vehicles using or about to use the crossing, and to have his car under such control as to enable him to avoid collisions with such per-·

Memphis St. Ry. *v.* Wilson.

sons and vehicles as are using or about to use the crossing in the exercise of due care on their part. (*Post, pp. 621–623.*)

Cases cited: Citizens' Rapid Transit Co. *v.* Seigrist, 96 Tenn., 119; Saunders *v.* Railroad, 99 Tenn., 130.

---

### FROM SHELBY.

---

Appeal in error from the Circuit Court of Shelby County. L. H. ESTES, J.

WRIGHT, PETERS & WRIGHT for St. Ry. Co.

JERRE HORNE and GANTT & PATTERSON for Wilson.

CALDWELL, J. This is an appeal in error, prosecuted by the Memphis Street Railway Company from a judgment for $2,250.00, obtained against it by Ed Wilson, as damages for personal injuries received by him in a collision of one of the company's electric cars with his horse and wagon and himself at the crossing of streets on which he and the car were traveling respectively.

The controlling facts of this record are to be found in an opinion delivered by Judge McAlister on a former appearance of the case in this Court, and reported in 105 Tenn., at pp. 74 to .85, inclusive.

The fourth and fifth assignment of errors, now made, assail the charge to the jury, for the reason, as assigned, that it ignored the doctrine of mutual negligence, and authorized a recovery on condition of proximate negligence on the part of the defendant, without reference to the presence or absence of the negligence on the part of the plaintiff.

If this criticism be just, the charge is fatally erroneous. For it is well settled that no right of action accrues at common law for an injury resulting proximately from the mutual negligence of the injured person and another; and, consequently, that, in a common law action, as this is, a defendant whose negligence contributed proximately to the plaintiff's hurt, is not legally responsible therefor if the plaintiff was also guilty of proximate negligence. Proximate contributory negligence on the part of the plaintiff in such a case bars his action. *Saunders* v. *Railroad,* 99 Tenn., 135; *Barr* v. *Railroad,* 105 Tenn., 547; *Nashville* v. *Norman, ante,* 324, and authorities cited in those cases.

But the charge, when considered as an entirety, as it must be (*State* v. *Cagle,* 2 Hum., 416; *Clark* v. *Thomas,* 4 Heis., 419; *Railroad* v. *Humphreys,* 12 Lea, 205; *Railroad* v. *Pugh;* 97 Tenn., 624; *Railroad v. Wyrick,* 99 Tenn., 505), is not properly subject to the objection urged against it.

The charge, in fact, states, more than once, in substance and effect, that no recovery can be had against the defendant unless it shall be found to have made some omission of duty and thereby been guilty of negligence that proximately contributed to the collision; and, further, that such negligence on its part will not render it liable for the injury resulting to the plaintiff if he shall be found to have been guilty of proximate contributory negligence, because such negligence on his part bars his action.

The sixth assignment of error makes the objection that the trial Judge, in another part of his charge, imposed upon the company the burden of "an insurer" against all injuries resulting from collisions at street crossings. This criticism, like that just considered, is fatal, if justified by the record; for no company can legally be held to so high a responsibility as that indicated in this assignment. However, in this instance, as in that, the Court's instruction on the point in question, considered as a whole, will not admit of the construction placed on it by the company.

The first sentence of this particular instruction, and that upon which the assignment is based, is in this language:

"It was the duty of the motorman, Stordevant, on approaching the crossing, . . . to have his car under such reasonable control as to be able

to stop it, and avoid colliding with any one who was using the crossing."

This sentence is immediately followed by farther direction that is substantially the same as that given on the former trial, with the qualification suggested by this Court on the former appeal in error (105 Tenn., pp. 80 and 81), namely:

"It was also the duty of the motorman to be on the lookout ahead as he approached the Macon road, and to have seen what any ordinarily careful, prudent motorman would have seen of vehicles and persons using the Macon road, and about to use the crossing, in a way that would make the danger of a collision probable.

"If no one was in range of his vision, or if no one was near enough to and approaching the track to make the danger of a collision probable, he had the right to proceed on his way across the Macon road, and to assume that if anyone was approaching the crossing, that they would have their vehicle under proper control, and would exercise ordinary care to avoid a collision, and no mistake that Sturdevant made in regard to these two rightful assumptions, as to how Wilson or anyone else would act in approaching the railway crossing could be charged as negligence; so that if he complied with the requirements of law as just charged he was not guilty of negligence, unless you find from the evidence that the motorman was running his car at an unreasonable rate of speed in view of the

nearness to the Macon road crossing, and that, by reason of the speed at which he was running he put it beyond his power to control his car and stop when the danger of a collision became apparent."

And the instruction in relation to the motorman's control of his car concludes with these words:

"It was the duty of the motorman to have his car under such reasonable control as he approached the crossing at the Macon road as to be able to stop, if necessary, and to allow persons, who were exercising ordinary and reasonable care, and were driving at a reasonable rate of speed, and had reached the crossing before he did, to pass over in safety."

Thus it is seen that the charge falls far short of placing on the company the unwarranted and extreme measure of responsibility that would attach to one occupying the position of "an insurer."

On the contrary, it comes within the rule heretofore announced in this case, in *Citizens' Rapid Transit Co.* v. *Seigrist,* 96 Tenn., 119, and in *Saunders* v. *Railroad,* 99 Tenn., 130.

Of the other assignments of error, it is sufficient to say that all of them have undergone critical examination by the Court, and that none of them have been found to present any ground for reversal.

Let the judgment be affirmed.