STRAUSS et al. v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   June 5, 1903.)

1. STREET RAILROADS—INJURIES TO VEHICLES—NEGLIGENCE.

   In an action for injuries to a horse and wagon in a collision with a street car, evidence as to the motorman's negligence *held* to present a question of fact for the determination of the trial judge as a trier of the facts, and not to authorize a finding that the motorman was not guilty of negligence as a matter of law.

2. SAME—EVIDENCE—CURING ERROR.

   In an action for injuries to a horse and vehicle in a collision with a street car, error, if any, in refusing to permit the motorman to testify as to the purpose of certain "stop" and "slow" signs, was cured, where he was subsequently permitted to testify that every motorman slowed up when he reached a sign of that character, and that witness slowed up at the place where the sign was.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Louis Strauss and others against the Brooklyn Heights Railroad Company.   From a judgment in favor of plaintiffs, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

I. R. Oeland (George M. Curtis, Jr., on the brief), for appellant.
James C. Cropsey, for respondents.

WILLARD BARTLETT, J.   In this action the plaintiffs have recovered damages in the sum of $192.80 for injuries sustained by their horse and wagon in consequence of a collision with a trolley car operated by the defendant on Hoyt street, in the borough of Brooklyn.   The argument in behalf of the appellant is devoted mainly to the proposition that the evidence does not suffice to show any negligence on the part of the defendant's motorman in the management of the car, and that it does show that the negligence of the plaintiffs' driver contributed to the accident.   I have carefully read through the 181 pages of stenographer's minutes, and have reached the conclusion that both issues were questions for the determination of the Municipal Court judge as a trier of the facts, and could not properly have been disposed of by him as matters of law.   The accident occurred at the intersection of Hoyt street and Warren street. The wagon of the plaintiffs was being driven easterly along Warren street, and the car of the defendant was moving northerly through Hoyt street.   If the trial judge believed the testimony of the plaintiffs' driver, he was warranted in finding that the driver, upon approaching Hoyt street, looked down that street in the direction from

which the car came, and that although he could see in that direction, in the condition of the evening light which then prevailed, a distance of 100 feet, the car was not then visible. It is undisputed that the collision occurred at a point about the middle of the intersection between these two streets. These facts would indicate that the car must have been moving at such a high rate of speed in approaching a cross-street as to indicate negligence on the part of the motorman, in view of the reason which he had to anticipate the approach of other vehicles along that street. The injuries inflicted upon the plaintiffs' horse and wagon were not very great, the impact of the collision being slight; and it is apparent that after the motorman saw the horse and wagon he did all in his power to stop the car, and did stop it within a short distance. The testimony of a passenger, however, who was called as a witness in behalf of the defendant, shows that he saw the wagon sooner than the motorman perceived it—half a minute before the motorman shouted and reversed his lever to bring the car to a stop. This is also a circumstance indicating that the motorman was not duly alert and watchful.

The plaintiffs' driver testified that, in the operation of the defendant's cars in Hoyt street, he had observed the custom to be that they stopped as they approached Warren street. He also stated that he had noticed a sign upon a pole near the corner "for the cars to stop," but it subsequently appeared that he really did not know what the sign said. A good deal of testimony was given by other witnesses on the subject of signs of this character in Hoyt street, not at the corner of Warren, but in the vicinity of switches about 50 feet north and south of the corner. All this proof, taken together, clearly shows that these signs had no reference to any stoppage of the cars or reduction in their speed in crossing Warren street, but that their purpose was to indicate to the motormen that they must proceed slowly as their cars approached the switches which I have mentioned. In the brief for the appellant, complaint is made because the court, when the motorman who operated this particular car was on the stand, refused, in the first instance, to permit him to explain the purpose of these "stop" or "slow" signs. If any error was committed in that respect, however, it was cured a little later on in the trial, where the witness testified that every motorman he ever saw slowed up when he reached a sign of this character, and that he himself slowed up at the place where the sign was, not because he was approaching Warren street, but because he was approaching the switch. There is no good ground for interfering with this judgment, and it should be affirmed.

Judgment of Municipal Court affirmed, with costs. All concur.