# PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* SCHEPMAN.

[No. 21,230. Filed June 5, 1908. Rehearing denied October 13, 1908.]

1. PLEADING. — *Complaint.* — *Negligence.* — *Facts.* —*Inferences.*—In common-law actions for negligence the complaint must allege the facts directly and positively, or state facts from which there must arise a necessary inference of defendant's negligence. p. 74.

2. RAILROADS. — *Negligence.*—*Vestibuled Cars.*—*Passengers.*—Railroad companies are not required to use vestibuled cars; and their failure to do so does not of itself constitute negligence, even though such cars are less hazardous. p. 75.

3. SAME.—*Negligence.*—*Advertising Vestibuled Cars.*—*Failure to Furnish.*—*Resulting Injuries.*—A railroad company advertising to run a vestibuled train, and which does not, is liable to a passenger relying thereon and injured because of the failure of the company to run such train. p. 75.

4. PLEADING. — *Complaint.* — *Railroads.*—*Vestibuled Trains.*—*Failure to Provide.*—*Passengers.*—A complaint alleging that plaintiff became a passenger on defendant's train, that defendant held

out to the public that said train was completely vestibuled, that the car immediately in the rear of plaintiff's car was not vestibuled, that plaintiff without any knowledge that such car was not vestibuled and believing it was vestibuled, undertook to pass into such car and by reason of its not being vestibuled was thrown therefrom, suffering great injuries, fails to state a cause of action. p. 75.

5. PLEADING.—*Complaint.—Conclusions.—Railroads.*—A complaint alleging that defendant railroad company "held out to the public" that its train was vestibuled is a conclusion and insufficient. p. 76.

6. SAME.—*Complaint.—Railroads.—Making up Passenger-Trains.— Arrangement of Coaches.*—A complaint alleging that defendant railroad company negligently placed its passenger-coach in front of the baggage-coach, in violation of §5315 Burns 1908, §3927 R. S. 1881, and that plaintiff who was a passenger in the passenger-coach in attempting to pass into such baggage-coach, received injuries in so doing, must state facts, in an action based upon the violation of such statute, showing that the placing of such coaches was the proximate cause of his injuries. p. 77.

From Henry Circuit Court; *John M. Morris,* Judge.

Action by George W. Schepman against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment on a verdict for plaintiff for $12,500, defendant appeals. Appealed from Appellate Court under §1394 Burns 1908, cl. 3, Acts 1901, p. 565, §10. *Reversed.*

*John L. Rupe* and *Newby & Newby,* for appellant.
*Shively & Shively* and *Forkner & Forkner,* for appellee.

HADLEY, J.—Appellee sued the appellant for the loss of a leg, alleged to have been caused by the negligence of the appellant. The complaint is in two paragraphs. It is alleged in the first paragraph that appellant owns and operates a railroad running from Indianaolis through Richmond; that on February 27, 1904, appellant operated between said points a passenger-train scheduled to leave Indianapolis at 6:50 o'clock in the evening of each day, and held out to the public that said train was a completely vestibuled train; that at the scheduled time on said day the defendant started a train of cars from Indianapolis to Richmond, made up

in the following order: An engine, a number of baggage-cars, a day coach, a baggage- and smoking-car combined, a number of Pullman sleepers, and a dining-car; that the forward half of the baggage-car was used for baggage, and this end of the car was attached to the rear end of the day coach, in which plaintiff was sitting, the platform of which car, where coupled to said day coach, was eighteen inches wide in the center, and six inches at the sides, and had no guard-rails, vestibule, or other protection to prevent passengers passing from said day coach into said combination car from being thrown therefrom, and the same was not lighted; that all the other ends, platforms and spaces between the other cars composing the train were vestibuled and enclosed, thereby enabling passengers to walk from one car to another without danger of being thrown from the platform of said cars; that defendant, being in Indianapolis and desiring to return to his home in Richmond, purchased a ticket, and became a passenger on the train; that he entered the day coach, and soon thereafter became sick, and by reason of said sickness it became necessary for him to use a water-closet; that he thereupon walked to the water-closet in the rear part of said day coach, and attempted to enter the same, but the door was locked and he was unable to do so; that, believing that the spaces between all the cars of the train were vestibuled, guarded and enclosed, he thereupon attempted to pass from said car in which he was riding to the car immediately in the rear thereof in search of a water-closet, and when he stepped on the platform of the car immediately in the rear of the passenger-coach he was, by the lurching of the train, then and there violently hurled and thrown from said platform to the ground and injured; that when thrown from the train it was running at the rate of fifty miles an hour, over an uneven track, and by reason of its speed and the rough condition of the track the train was rocking and lurching from side to side.

The negligence charged is: "That said defendant care-

lessly, negligently and wrongfully made up such train by placing said combination car between said passenger-coach, in which the plaintiff was riding, and one of the Pullman sleepers.'' It is also alleged that when appellee attempted to pass into the combination car he had no knowledge of the character and construction of the platform, nor that the same was not vestibuled, guarded or lighted, ''and by reason of the lack of guard-rails, or vestibuling devices about the platform leading into said combination car from which he was thrown, the lack of lights to enable him to see said negligent, careless and wrongful arrangement of cars in said train, and the dangerous and high rate of speed at which the train was being operated, the plaintiff was thrown from said train and injured as hereinafter described.''

The second paragraph of the complaint is not different from the first in any material respect.

A demurrer to each paragraph of the complaint was overruled. The defendant answered the general denial and one affirmative paragraph. Trial by jury, verdict and judgment for the plaintiff over a motion for a new trial.

We are called upon to decide whether the facts stated in the complaint constitute a cause of action.

In common-law actions founded on negligence the rule is firmly established that the negligence relied on, whether of commission or omission, must be averred in direct and

1. positive terms, or such a state of facts set forth as will, to a certainty, impel the presumption that the injury sued for was the result of the defendant's negligence. *Kentucky, etc., R. Co.* v. *Moran* (1907), 169 Ind. 18; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239; *Baltimore, etc., R. Co.* v. *Anderson* (1877), 58 Ind. 413. Under this rule the complaint cannot be sustained.

The action chiefly rests upon the averment in each paragraph that the defendant ''held out to the public that

said train was a completely vestibuled train," and 2. that the plaintiff, believing the train to be so protected, attempted to pass from the passenger-coach in which he was riding to the car next in the rear, over the unlighted platforms of said cars, and was injured by reason of the absence of a vestibule from the forward end of the rear car. A railroad company is not required by law to vestibule its passenger-trains, nor any class of its cars, and a failure to do so is not, of itself, negligence.

It is, however, well known that to one having occasion to pass from one car to another while a train is in motion a vestibuled train is less hazardous than one not vestibuled. A company, therefore, should not advertise 3. buled. A company, therefore, should not advertise its train as completely vestibuled, and thereafter operate it in whole or in part not vestibuled. If it does so, a passenger who shows in his complaint that he reasonably believed from the defendant's advertisements, or other notice, that the train on which he had taken passage was vestibuled, and, relying upon the fact, was thereby induced to attempt to pass from one car into another when the train was running rapidly, and became injured by reason of the absence of a vestibule from an intervening platform, should have the question of the defendant's negligence submitted to the jury.

But the complaint before us does not exhibit this state of facts. It is not averred in either paragraph that the defendant was guilty of negligence in anything that 4. it had done or had left undone with reference to vestibuling or failing to vestibule the cars composing the train upon which the plaintiff was a passenger. It is not averred that the plaintiff knew that the defendant was holding out to the public that the train was vestibuled when he attempted to pass between the cars; nor does it appear that he relied upon such holding out, or that he was induced thereby to undertake the passage, which he would otherwise not have undertaken. Neither is it shown how long the

platform of the car had been without a vestibule; nor that the defendant knew or had cause to know that it was in that condition. The only allegation concerning the plaintiff's state of mind before his injury is as follows: "And, believing that the platform and the space between the cars * * * were fully vestibuled, * * * he crossed the platform of the day coach, and, stepping upon the platform of the next car, was violently thrown therefrom to the ground by the lurching of the train." How he reached the belief that the platforms were inclosed, whether from the "holding out," or from what he had observed in boarding the train, or from what some fellow passenger had told him, we are not informed. In brief, there is nothing averred in either paragraph concerning the vestibules that is inconsistent with due care on behalf of the defendant. Under such averments there is no ground for implied negligence.

Furthermore, the allegation that the defendant "held out to the public that said train was vestibuled" is in the nature of a conclusion, rather than a statement of fact.

5. Facts and not conclusions must be pleaded. How is the court to know whether the "holding out" alleged was an existing fact, or a mere personal conclusion of the pleader? And how was it held out? By printed advertisement, by private circular, by verbal representations of its agents, or by usage? When and where it was "held out" is left to conjecture only.

Negligence, however, is directly charged in respect to the making up of the train, by "carelessly, negligently and unlawfully" placing a baggage-car immediately in the rear of the passenger-car in which the plaintiff was riding, contrary to §5315 Burns 1908, §3927 R. S. 1881. This statute forbids, in the formation of a passenger-train, the placing of a baggage- freight- merchandise- or lumber-car in the rear of a passenger-car. It was enacted in 1852, when it was generally the custom of railroad companies to operate mixed trains, composed of passenger- and traffic-cars, so ar-

ranged in the train as to be most convenient in dispatching the company's business. The chief purpose of the act, doubtless, was to diminish the danger of injury to passengers in cases of derailment or collision of trains, by the momentum of heavily-laden rear cars. How far the statute is applicable to modern methods of operating railroads, and whether railroad corporations are amenable to the statute, are questions not necessary to a final disposition of the case, and therefore left undecided.

Assuming that the car immediately in the rear of the passenger-coach, in which the plaintiff was traveling, was a baggage-car, we are unable to see how the case could 6. have been different, under the facts alleged, if it had been a passenger-car, equipped with the same kind of platform. The details of the accident are fully set out in the complaint, and they clearly show that it did not result from the momentum or weight of the rear car, from the character of its load, or from the falling or jostling of some part of it. Nothing can be more certain, from the averments, than that it was the form, size and exposed condition of the platform of the next car that caused the injury, and not the fact that the car was carrying baggage, or that it was constructed for the transportation of baggage. It appears from the complaint that the plaintiff was hurt, not because the train was made up in violation of the statute, but because a car with an open and exposed platform was attached to the rear end of the day coach. This overthrows the complaint, by showing affirmatively that the negligence charged was not the proximate cause of the injuries sued for. *Enochs* v. *Pittsburgh, etc., R. Co.* (1896), 145 Ind. 635; *Fairmount, etc., Assn.* v. *Downey* (1897), 146 Ind. 503; *City of Logansport* v. *Kihm* (1902), 159 Ind. 68; *Nickey* v. *Steuder* (1905), 164 Ind. 189.

The judgment is reversed, with instructions to sustain the demurrer to each paragraph of the complaint.

Judgment reversed.