## INDIANA UNION TRACTION COMPANY *v.* LOVE, ADMINISTRATOR.

[No. 22,116. Filed November 26, 1912. Rehearing denied November 19, 1913.]

1. PLEADING.—*Complaint.—Conclusions.*—The allegation of a complaint, in an action for the death of plaintiff's decedent in a collision with an interurban car, that it was impossible for decedent to jump from the automobile without being threatened with instant death, was a mere conclusion, in the absence of allegations of facts showing why she could not have alighted in safety. p. 446.

2. RAILROADS.—*Interurban.—Crossing Accidents.—Burden of Proof. —Contributory Negligence.*—The question of whether decedent, who was killed at a crossing by collision of an interurban car with an automobile in which she was riding, could have jumped out of the automobile before it was struck, goes only to the question of contributory negligence, as to which defendant has the burden of proof, and an allegation in the complaint that she could not have jumped from the automobile "without being threatened with instant death," was unnecessary, so that the fact that it is a mere conclusion does not render the complaint insufficient on the ground that it shows contributory negligence on the part of decedent. p. 446.

3. NEGLIGENCE.—*Contributory Negligence.—Jury Question.*—Where the facts are of a character to be reasonably subject to more than one inference or conclusion, the question of whether negligence or contributory negligence is shown is for the jury. p. 447.

4. NEGLIGENCE.—*Imputed Negligence.*—The concurring negligence of the driver of an automobile cannot be imputed to a guest riding therein. p. 447.

5. NEGLIGENCE.—*Complaint.—Sufficiency.*—If the complaint alleges facts from which a jury may infer negligence, it is sufficient as against demurrer. p. 447.

6. RAILROADS.—*Interurban. — Crossing Accidents. — Complaint. — Allegations.*—Where the complaint, in an action for death by collision with an interurban car at a street crossing, alleged that on approaching the crossing, decedent looked and listened for a car, and did not see or hear any until just before the driver of the automobile in which she was riding drove upon the track, when she called to him to stop, but that he continued to go upon the track, that when a car had passed to the north, the driver turned on the power and started across the track, and

decedent looked and listened for approaching cars, but saw and heard none "until just as Heimes started said automobile," when she saw a car coming south, and called to the driver to stop, the allegations, when construed as a whole, do not show that the automobile had stopped and was started just as decedent saw the car coming, but the words quoted refer merely to acceleration of speed. p. 448.

7. NEGLIGENCE.—*Contributory Negligence.—Choice of Means to Avoid Peril.*—One in a position of peril not created by his own negligence, has a right to make a choice of means to be used to avoid peril, and he is not held to a strict accountability if he takes an unwise course. p. 449.

8. RAILROADS.—*Interurban.—Crossing Accidents.—Negligence.*—It is not negligence *per se* to run a steam or interurban car at thirty miles an hour over a country highway crossing, in the absence of a statute limiting speed. p. 449.

9. NEGLIGENCE.—*Proximate Cause.—Compliant.*—An allegation in a complaint that the death of plaintiff's decedent "was caused proximately by the negligence of this defendant as aforesaid," alone, cannot supply a failure to state facts showing that the death was so caused. p. 449.

10. RAILROADS.—*Interurban.—Operation.—Speed.—Care Required.* —Reasonable care must be exercised in the operation of a steam or interurban car to so regulate the speed as not to jeopardize those who are passengers, or those who have rights in the streets. p. 450.

11. RAILROADS.—*Interurban.—Rights at Crossings.*—The rights of the public and of an interurban car are equal in respect to the use of a highway or street crossing, subject to the superior right of the company to operate its car on its tracks. p. 450.

12. RAILROADS.—*Interurban.—Negligence.*—The failure to sound the gong of an interurban or street car in approaching a street crossing is evidence of negligence, and a stronger case is made when no warning whatever is given. p. 451.

13. RAILROADS.—*Interurban.—Crossing Accidents.—Rate of Speed. —Negligence.—Jury Question.*—It is usually for the jury to determine, under the circumstances, whether a given rate of speed at which a car is operated, or the failure to sound the gong, on approaching a street crossing is negligence. p. 451.

14. RAILROADS. — *Interurban. — Crossing Accidents. — Proximate Cause.—Complaint.—Allegations.*—Where the complaint against an interurban railroad company for a death caused by the collision of its car with an automobile at a street crossing, alleged that the car was negligently operated at a high and dangerous speed of thirty miles an hour across a city street, and that the car employes negligently failed to observe the crossing to see

whether anyone was about to cross its tracks, and negligently failed to sound the gong as the car approached the crossing, by reason of which the collision occurred, it was sufficiently shown that the negligent acts specified were the proximate cause of the collision. p. 451.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Thomas W. Love, administrator of the estate of Maria Love, deceased, against the Indiana Union Traction Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*James A. Van Osdol, Joseph R. Morgan, Louis B. Ewbank, W. A. Kittinger* and *Samuel M. Ralston,* for appellant.

*Wilson S. Doan, Charles J. Orbison* and *A. J. Shelby,* for appellee.

Myers, J.—Action for damages for the death of one Maria Love. The sole error assigned is as to overruling the demurrer to the complaint. The complaint in the particulars in question in substance is, that on June 11, 1907, Maria Love was riding as a guest in an automobile owned, controlled and operated by one Heimes, and he was in control of and operating and running such automobile to the west in and along 38th Street, a much traveled and principal thoroughfare within the corporate limits of the city of Indianapolis, Indiana; that Maria Love as they approached the crossing of the tracks of appellant over said 38th Street, looked and listened for an approaching car, and that she did not see or hear any approaching car upon said track until just before Heimes went upon the track, and that she, together with the other guests in the said automobile, called to Heimes to stop the machine, but that he continued to go upon said tracks; that at said time there was a car of this defendant going toward the north upon an east track, and that the view of persons in said automobile to the north was obstructed by a dwelling house, and by two large signboards, which were situated near the tracks, and upon the

east side of the tracks and north of 38th Street; that Mr. Heimes, after said car had passed to the north, with his view of the west track obstructed by said house and by said signboards, and by said car moving to the north, failed to see another car of this defendant coming to the south upon the west track, and approaching said crossing from the north, and when said car had passed to the north Mr. Heimes turned on the power and started said automobile across said track, and Mrs. Love looked and listened for approaching cars upon both tracks, but saw and heard no cars on said west track until just as Mr. Heimes started said automobile, and when she did see a car coming from the north she, together with the other guests in the car, called to Mr. Heimes, and endeavored to have him stop the automobile before going upon said track; that it was impossible for Maria Love to jump from said machine at said time without being threatened with instant death, and that she remained in said automobile when it went upon said tracks, for the reason as herein set forth; that at said time defendant was carelessly and negligently running said car upon said west track within the corporate limits of the city of Indianapolis, and approached said 38th Street, as aforesaid, at a high and dangerous rate of speed, to wit: thirty miles per hour; that defendant was negligently failing to observe said crossing; that defendant carelessly and negligently run said car on said crossing at said high and dangerous rate of speed; that said defendant negligently failed to sound any gong on approaching said crossing, and negligently failed to observe said crossing to see whether any one was about to cross the same, and by reason of the negligence of said defendant company in operating said cars, as aforesaid, defendant ran said car into said automobile with great force and violence, hurling said automobile and its passengers into the air, throwing Maria Love about 50 feet, thereby inflicting on her body deep and lasting and mortal injuries, from which she soon died; that said death of Maria Love was caused proximately by the

negligence of defendant, as aforesaid.    Defendant demurred
to the complaint for the reason that the same does not state
facts sufficient to constitute a cause of action.    The lower
court overruled the demurrer and appellant excepted.    Ap-
pellant appeals to this court on the grounds that the lower
court was in error in overruling its demurrer, (1) because
contributory negligence is affirmatively shown by the allega-
tions of the complaint, and (2) that the complaint does not
show that any negligence of defendant was the proximate
cause of the injuries sued for.

Appellant's theory is, that the allegation that ''it was
impossible for said Maria Love to jump from said automo-
bile at said time without being threatened with in-
1. stant death,'' is a mere conclusion, and not the plead-
ing of facts which would be admitted by the demur-
rer, under the rule that only facts well pleaded are admitted
by a demurrer for want of facts.    *Pittsburgh, etc., R. Co.* v.
*Schepman* (1908), 171 Ind. 71, 76, 84 N. E. 988; *Pittsburgh,
etc., R. Co.* v. *Peck* (1905), 165 Ind. 537, 76 N. E. 163; *State,
ex rel.* v. *Casteel* (1886), 110 Ind. 174, 187, 11 N. E. 219;
*Palmer* v. *Logansport Gravel Road Co.* (1886), 108 Ind. 137,
142, 8 N. E. 905; *Indianapolis Trac., etc., Co.* v. *Pressell*
(1907), 39 Ind. App. 472, 77 N. E. 357.    The allegation as
made is a conclusion.    There is no fact stated showing why
she could not have alighted.    The speed at which the car in
which she was riding is not shown, nor her situation, nor
the reason she could not have alighted in safety.    How-
ever, the allegation was not a necessary one.    The
2. fact that she could or could not have alighted from
the car could only go to the question of contributory
negligence, a fact which plaintiff was under no obligation to
show by his complaint, and as to which the burden of proof
was upon appellant, and the allegation was immaterial.    An
unnecessary allegation in a complaint might disclose con-
tributory negligence as a matter of law, but as applied to
this case, we cannot say as a matter of law that no other in-

ference except contributory negligence could be drawn. Treating the allegation that she was unable to alight without peril, as a conclusion as appellant insists, there is no allegation that enforces an inference of contributory negligence.

It does not appear what the situation of decedent was, or that she could have avoided the injury.   She may have been so situated in the automobile that she could not alight, and the rule is, that where the court can perceive that reasonable men might honestly differ in their conclusions, and the facts are of a character to be reasonably subject to more than one inference or conclusion, as to whether negligence or contributory negligence exists, the question is one for the jury and can not be determined as one of law. *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 223, 74 N. E. 1081; *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144, 66 N. E. 615; *Pittsburgh, etc., R. Co.* v. *Browning* (1904), 34 Ind. App. 90, 71 N. E. 227; Cooley, Torts (2d ed.) 805; 1 Shearman & Redfield, Negligence (4th ed.) §54.   So, too, the concurring negligence of the driver of the car was not attributable to the decedent. *Louisville, etc., R. Co.* v. *Creek* (1881), 130 Ind. 139, 143, 29 N. E. 481, 14 L. R. A. 733; *City of Michigan City* v. *Boeckling* (1899), 122 Ind. 39, 42, 23 N. E. 518; *Town of Knightstown* v. *Musgrove* (1888), 116 Ind. 121, 124, 18 N. E. 452, 9 Am. St. 827; *Pittsburgh, etc., R. Co.* v. *Spencer* (1884), 98 Ind. 186; *Town of Albion* v. *Hetrick* (1883), 90 Ind. 545, 46 Am. Rep. 230; *Frank Bird Transfer Co.* v. *Krug* (1903), 30 Ind. App. 602, 610, 65 N. E. 309; 21 Am. and Eng. Ency. Law (2d ed.) 495, 496.   If a jury may infer negligence from the facts stated, the complaint is not bad on demurrer.   *Greenawaldt* v. *Lake Shore, etc., R. Co., supra.*

The serious question is presented by the insistence that the complaint does not show that any negligence of appellant was the proximate cause of the injury.   The claim is made

that under the allegations of the complaint the automobile had stopped beside the track, and was started and run upon the tracks, and plaintiff's decedent saw the coming car and remained in the automobile just as it was started, when it went upon said tracks, upon the theory, (a) that in the absence of a statute, or ordinance, it is not necessarily negligent to run a car thirty miles an hour, (b) that the speed of the car and failing to sound the gong did not cause the collision when the automobile had already stopped; (c) that the allegation of negligence in approaching the crossing at high speed without sounding the gong does not show liability, and (d) that the allegation that the injury was caused ''proximately by the negligence of defendant as aforesaid,'' can not supply the omission of facts showing it to have been so caused, and reliance is placed on *Lake Shore, etc., R. Co.* v. *Barnes* (1906), 166 Ind. 7, 76 N. E. 629, 3 L. R. A. (N. S.) 778; *Moran* v. *Leslie* (1904), 33 Ind. App. 80, 70 N. E. 162; and *Lake Erie, etc., R. Co.* v. *Moore* (1908), 42 Ind. App. 32, 81 N. E. 85, 84 N. E. 506, respectively, as to those respective propositions.

It is alleged ''that said Mrs. Love as they approached the crossing of said interurban railroad tracks and said 38th Street looked and listened for an approaching car and that she did not see or hear any approaching car upon said tracks until just before said Heimes went upon said track, and that she, with the other guests in said automobile, called him to stop the same, but that he continued to go upon said tracks.'' Then follow allegations as to obstructions in the form of a house and signboards, and by a car on appellant's tracks going north, and then follow the allegations that ''when said car had passed to the north, said Mr. Heimes turned on the power and started the automobile across said track, and plaintiff says that said Maria Love looked and listened for approaching cars upon both tracks, but saw and heard no cars on said west track until just as Mr. Heimes started said automobile, when she did

Indiana Union Traction Co. r. Love—180 Ind. 442.

see a car approaching from the north, and that she called to
Mr. Heimes, and endeavored to have him stop the automo-
bile before going upon said track.'' It is urged that the
complaint shows that the automobile had stopped, based on
the phrase, ''just as Mr. Heimes *started* said automobile.''
It is true that it is a loosely drawn complaint in respect to
connecting causation, but all the allegations must be taken
together, and so taking them, it is a fair construction that
the automobile was approaching the crossing, under con-
trol, and while so approaching, its speed was accelerated be-
cause the driver, Heimes, ''turned on the power, and started
said automobile across said track,'' and the allegation, ''just
as Mr. Heimes started said automobile,'' as we understand
it, refers to acceleration of speed in starting across the track.
That allegation, in any event, goes to the question of con-
tributory negligence, and not to the question of the cause of
the accident.

There is another proposition involved in the question of
contributory negligence, which appellant has overlooked,
viz., that one in a position of peril not created by
7. his own negligence, has a right to make a choice of
means to be used to avoid peril, and he is not held to
a strict accountability if he takes an unwise course. *Dyer*
v. *Erie R. Co.* (1877), 71 N. Y. 228, and cases cited; *Ala-
bama, etc., R. Co.* v. *Davis* (1891), 69 Miss. 444, 13 South.
693. So that whether decedent was negligent in re-
maining in the automobile was a question for the jury.

It must be conceded that it is not negligence *per se*
8. to run a steam train or interurban car at thirty miles
an hour over a country highway crossing in the ab-
sence of a statute limiting speed. . *Lake Shore, etc., R. Co.* v.
*Barnes, supra.* Also that the allegation that death ''was
caused proximately by the negligence of this defend-
9. ant as aforesaid,'' alone, can not supply the omission
to state facts showing it to have been so caused, or the
Vol. 180—29

basis for such allegation, and if standing alone, must be disregarded. *Lake Shore, etc., R. Co.* v. *Barnes, supra; Lake Erie, etc., R. Co.* v. *Moore, supra; Baltimore, etc., R. Co.* v. *Conoyer* (1898), 149 Ind. 524, 48 N. E. 352, 49 N. E. 452; *Lake Erie, etc., R. Co.* v. *Mikesell* (1899), 23 Ind. App. 395, 55 N. E. 488; *Toledo, etc., R. Co.* v. *Beery* (1903), 31 Ind. App. 556, 68 N. E. 702. But it is obvious that there may be distinctions between the operations of trains, or cars, at a speed of thirty miles an hour across country highways, and across thoroughfares in cities, depending upon location and conditions surrounding the crossing. Whether the rate of speed is dangerous depends largely upon the circumstances. The general duty may be said to be the use of reasonable care to so regulate the speed as not to jeopardize those who are passengers, or those who have rights in the streets. *Snow* v. *Indianapolis, etc., R. Co.* (1911), 47 Ind. App. 189, 93 N. E. 1089; *Stevens* v. *New Jersey, etc., R. Co.* (1906), 74 N. J. L. 237, 65 Atl. 874; *Vizacchero* v. *Rhode Island Co.* (1904), 26 R. I. 392, 59 Atl. 105, 69 L. R. A. 188.

The rights of the public and of the car at crossings are equal, in respect to the use of the crossing, subject to priority on its tracks, in the car. The driver must be vigilant in his watch for persons approaching the tracks, and have his car under control. *Marchal* v. *Indianapolis St. R. Co.* (1901), 28 Ind. App. 133, 62 N. E. 286; *Aurelius* v. *Lake Erie, etc., R. Co.* (1898), 19 Ind. App. 584, 49 N. E. 857; *Lake Shore, etc., R. Co.* v. *Boyts* (1897), 16 Ind. App. 640, 45 N. E. 812; *Wallen* v. *North Chicago St. R. Co.* (1898), 82 Ill. App. 103; *Owensboro City R. Co.* v. *Hill* (1900), 21 Ky. L. R. 1638, 56 S. W. 21; *Little* v. *Boston, etc., R. Co.* (1903), 72 N. H. 61, 55 Atl. 190; *Martin* v. *Third Ave. R. Co.* (1898), 27 App. Div. (N. Y.) 52, 50 N. Y. Supp. 284; *Harvey* v. *Nassau Electric R. Co.* (1898), 35 App. Div. (N. Y.) 307, 55 N. Y. Supp. 20; *Memphis St. R. Co.* v. *Wilson* (1902), 108 Tenn. 618, 69 S. W. 265; *West*

*Chicago St. R. Co.* v. *Petters* (1902), 196 Ill. 298, 63 N. E. 662.

The failure to sound a gong in approaching a street crossing has been held evidence of negligence. *Marchal* v. *Indianapolis St. R. Co.*, *supra;* *Schwarzbaum* v. *Third Ave. R. Co.* (1900), 54 App. Div. (N. Y.) 164, 66 N. Y. Supp, 367; *Chicago City R. Co.* v. *Sandusky* (1902), 198 Ill. 400, 64 N. E. 990; *Ryan* v. *Detroit, etc., St. R. Co.* (1900), 123 Mich. 597, 82 N. W. 278; *Galbraith* v. *West End St. R. Co.* (1896), 165 Mass. 572, 43 N. E. 501. And when in addition no warning is given, a stronger case is made. *Howard* v. *Indianapolis St. R. Co.* (1902), 29 Ind. App. 514, 64 N. E. 890; *Driscoll* v. *West End St. R. Co.* (1893), 159 Mass. 142, 34 N. E. 171; *Shea* v. *St. Paul City R. Co.* (1892), 50 Minn. 395, 52 N. W. 902; *Campbell* v. *St. Louis, etc., R. Co.* (1903), 175 Mo. 161, 75 S. W. 86; *Dennis* v. *North Jersey St. R. Co.* (1900), 64 N. J. L. 439, 45 Atl. 807; *Greenfield* v. *East Harrisburg, etc., Ry.* (1896), 178 Pa. St. 194, 35 Atl. 626; *Frame* v. *Electric Trac. Co.* (1897), 180 Pa. St. 49, 36 Atl. 404; *Fenner* v. *Wilkesbarre, etc., Trac. Co.* (1902), 202 Pa. St. 365, 51 Atl. 1034; *Andres* v. *Brooklyn Heights R. Co.* (1903), 84 App. Div. (N. Y.) 596, 82 N. Y. Supp. 729; *Strauss* v. *Brooklyn Heights Co.* (1902), 85 App. Div. (N. Y.) 613, 82 N. Y. Supp. 767.

The rule must therefore be, that it is a question for the jury considering the conditions and circumstances surrounding the injury, to determine whether a given rate of speed or the failure to observe a crossing, or to sound a gong, is negligence, or the proximate cause of the injury, where it is alleged that the injury was caused from such alleged negligence. Reduced to its charging part in this last particular, the complaint alleges negligent operation of the car at a high and dangerous rate of speed of thirty miles an hour, across a known highway for driving in a city, and in negligently failing to observe the crossing to see whether any one was about to cross

its tracks, and in negligently failing to sound the gong, by reason of which the car was run into the automobile with great force and violence. Having regard to the duties of an interurban company as disclosed in the decided cases, as well as upon principle, where as here it is alleged that by reason of the manner in which it was run, it was run upon the automobile with great force and violence, the cause of the injury is sufficiently shown. About all that could ·be alleged in addition in such a complaint would be that owing to the speed and the lack of attention to the crossing, the car was not under such control that the accident could have been avoided, which is necessarily embraced in the allegations as made, as showing the absence of control and disregard of the rights of travelers at the crossing, which, coupled with the surroundings shown, and the failure to give warning to enable the traveler to protect himself, we think make a *prima facie* case, at least as applied to this case, of the proximate cause of the injury being the neglect alleged, and coupled with these allegations is the allegation that the death was caused by reason of the acts of negligence charged, and sufficiently charges the cause of death.

It is not a showing of negligence only in the speed of the car in approaching the crossing, but also in approaching it without sounding the gong, and without having regard to the conditions at the crossing, without the car being under control where there was much travel, without regard to, or attention to the crossing itself, and these facts in combination resulted in the car being run upon the automobile with great force and violence, showing at one and the same time that the car was not under control and was being so rapidly driven that the automobile could not get out of the way, whereby it was struck.

The complaint is not reasonably open to any other construction, and the judgment is affirmed.

NOTE.—Reported in 99 N. E. 1005. See, also, under (1) 31 Cyc. 49, 64; (2) 31 Cyc. 51; 33 Cyc. 1060; (3) 29 Cyc. 630, 631; (4)

MAY TERM, 1913.          453

Cleveland, etc., R. Co. *v.* Anderson Tool Co.—180 Ind. 453.

29 Cyc. 548;  (5) 29 Cyc. 570;  (6) 33 Cyc. 1053;  (7) 29 Cyc. 521;
(8) 33 Cyc. 973;  (9) 29 Cyc. 572;  (10) 33 Cyc. 971;  (11) 33 Cyc.
922;  36 Cyc. 1495;  (12) 36 Cyc. 1483;  (13) 36 Cyc. 1618, 1620;  (14)
36 Cyc. 1572.  As to presumption of negligence from happening
of accident, see 113 Am. St. 986.  As to presumption of exercise of
care, see 116 Am. St. 108.  As to doctrine of imputed negligence in
case of persons riding in vehicle; see 110 Am. St. 291.  As to
doctrine of proximate cause, see 36 Am. St. 808.  As to imputed
negligence of driver to passenger, see 8 L. R. A. (N. S.) 597.  As
to the violation by servant of rule of street railway company as
to speed as evidence of negligence towards traveler, see 8 L. R.
A. (N. S.) 1063.