TENNESSEE CENTRAL RAILWAY COMPANY *v.* H. E. UM-
ENSTETTER, ADM'R.*

(*Nashville.* December Term, 1926.)

Opinion filed, March 12, 1927.

1. **TRIAL. Verdict. Application. Declaration containing several
counts.**

Under section 2969, Code of 1858, Thompson's-Shannon's Code, sec-
tion 4694, a general verdict must be applied to that count of the
declaration which there is evidence to sustain. As where a declara-
tion contains a count alleging a failure by railroad to observe
the precautions required by statute, of which there is evidence;
and a separate count alleging a failure to observe duties imposed
by the common law, of which there is no evidence, and jury is in-
structed as to liability under both counts, returning a general
verdict. (Post, p. 237.)

Citing: Taylor v. State, 50 Tenn., 460; Parham v. State, 78 Tenn.
498; Isham v. State, 33 Tenn., 112; Railroad v. Gurley, 80 Tenn.,
46; Chapple v. State, 124 Tenn., 105.

Citing and explaining: Railroad v. Howard, 90 Tenn., 144; Chat-
tanooga Rapid Transit Co. v. Walton, 105 Tenn., 415; Railroad
Co. v. Satterwhite, 112 Tenn., 185; Railroad v. Crews, 118 Tenn.,
52.

2. **NEW TRIAL. Error. Acts 1911, Ch. 32.**

Under Acts 1911, chapter 32, providing: "That no verdict or judg-
ment shall be set aside on new trial, granted by any of the ap-
pellate courts of this State in any civil or criminal cause on the
ground of error in the charge of the judge to the jury, or on ac-
count of the improper admission or rejection of evidence, or for
error in acting on any pleading, demurrer, or indictment, or for
any procedure in the cause, unless, in the opinion of the appellate
court to which application is made, after an examination of the
entire record in the cause it shall affirmatively appear that the
error complained of has effected the results of the trial," it must

affirmatively appear that the charge of the trial judge upon a count of which there is no evidence to sustain, influenced or affected the verdict of the jury, before reversing the judgment below, there being a count in the declaration which there is evidence to sustain.  (Post, p. 239.)

3. **TRIAL. Charge of court. Abstraction of trial judge.**
A mere abstraction of the trial judge in delivering his instructions to the jury, may not be an invasion of any constitutional rights of litigants.  (Post, p. 240.)

---

*Headnote 1. Appeal and Error, 4 C. J., section 3015; Trial, 38 Cyc., p. 1886.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County, to Court of Appeals and by *certiorari* to Supreme Court.— HON. A. B. NEIL, Judge.

ROBERTS & ROBERTS, for T. C. Ry. Co.

A. J. GRIFFITH and W. H. WASHINGTON, for Umenstetter.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit to recover damages for the death of one Cassells killed at a road crossing near Nashville by a collision between a train operated by plaintiff in error and a wagon in which the deceased was riding.  There was a judgment for the plaintiff below.  The Court of Appeals reversed the judgment and remanded the case for a new trial.

The declaration alleged a failure on the part of the servants of plaintiff in error to observe the precau-

tions required by Sub-section 4 of Section 1574 of Thompson's-Shannon's Code. The declaration also averred, in a separate count, a failure on the part of such servants to observe duties imposed by the common law.

The Court of Appeals found that there was evidence to take the case to the jury on the statutory count. That court, however, did not find any evidence to take the case to the jury on the common-law count. The trial judge instructed the jury as to the liability of the defendant below under the common law as well as under the Statute. While the Court of Appeals discovered no error in the charge upon the common-law count, they concluded that such a charge must have been misleading to the jury, as they found no evidence of common-law negligence, and for this reason the judgment below was reversed and a new trial awarded.

We do not find it necessary to review the facts of the case. The Code provides as follows:

"If any counts in a declaration are good a verdict for entire damages shall be applied to such good court." Thompson's-Shannon's Code, Section 4694.

A general verdict was returned for plaintiff and under the Statute just quoted this verdict must be applied to that count of the declaration which there is evidence to sustain. Although there be no evidence of common-law negligence, the verdict herein was good, since it conceded there is evidence of the failure to observe the statutory precautions.

"For the same reason it has been held that if an indictment contained two counts for the same offense, both counts being good, and there be no evidence to sustain one of the counts, a general verdict upon a correct charge will be applied to the count which is sustained by the

evidence. *Taylor* v. *State,* 3 Heisk, 460. And this ruling has been extended to a case where the charge was not correct on the count as to which there was no evidence. *Parham* v. *State,* 10 Lea, 498. So when the finding was specifically upon two of several counts and only one count good. *Isham* v. *State,* 1 Sneed, 112. In all these cases the court can see that the merits have been reached without any real prejudice to the rights of the defendant. The rule would of course apply for a stronger reason to civil cases as to which this court is forbidden by statute to reverse for errors which do not affect the merits of the judgment. Code, section 4516.'' *Railroad* v. *Gurley,* 80 Tenn. (12 Lea), 46.

To the same effect see *Chapple* v. *The State,* 124 Tenn., 105.

It has been said in some of our railroad cases that it was improper for a trial judge to charge the jury with respect to common-law negligence in a case where there was no evidence of common-law negligence and for such an error in connection with other errors judgments of the trial courts have been reversed.

In the leading case of *Railroad* v. *Howard,* 90 Tenn., 144, the court, however, said:

''Unless we could see that the jury were misled we might not reverse for such an error; but it is the better practice only to charge the law as applicable to the facts developed by the proof.''

In *Chattanooga Rapid Transit Co.* v. *Walton,* 105 Tenn., 415, *Railroad Co.* v. *Satterwhite,* 112 Tenn., 185, and *Railroad* v. *Crews,* 118 Tenn., 52, the court noted the impropriety of instructing a jury upon assumed facts to which no evidence applied.

All of these cases, however, were decided prior to the enactment of Chapter 32 of the Acts of 1911. That Act is as follows:

"That no verdict or judgment shall be set aside or new trial granted by any of the Appellate Courts of this State, in any civil or criminal cause, on the ground of error in the charge of the judge to the jury, or on account of the improper admission or rejection of evidence, or for error in acting on any pleading, demurrer, or indictment, or for any error in any procedure in the cause, unless, in the opinion of the appellate court to which application is made, after an examination of the entire record in the cause, it shall affirmatively appear that the error complained of has effected the results of the trial."

Keeping in mind the provisions of the Statute just quoted it would have to appear to us affirmatively that the charge of the trial judge upon common-law negligence influenced or affected the verdict of the jury, before we would be justified in reversing the judgment below on that account.

Counsel for the plaintiff in error has made a strong argument here to sustain the conclusion of the Court of Appeals that there was no evidence of common-law negligence offered on the trial. At the same time he conceded that there was evidence of the failure to observe the statutory precautions. Could we reasonably be asked in such circumstances to refer the verdict of the jury to the common-law count? Could we say that the jury found the plaintiff in error breached its common-law duties, when there was no evidence of such breach? On the other hand are we not compelled to say that the jury found the plaintiff in error to have breached its statutory duties it being admitted that there was evidence to this effect. Certainly there is nothing be-

fore us to show affirmatively that the jury based the verdict upon the count not sustained by proof, rather than upon the count sufficiently supported by proof, or to show that the jury was confused by the charge.

We cannot escape the Act of 1911 in disposing of this case. We do not think a mere abstraction of the trial judge in delivering his instructions to the jury invaded any constitutional rights of the parties.

The Court of Appeals expressed the opinion that since the practice of directing verdicts upon separate counts of a declaration had come into vogue, the effect of Section 4694, Thompson's-Shannon's Code might be obviated. Be that as it may, although there was a motion for a directed verdict in favor of defendant below at the close of the proof, it was a motion for a directed verdict upon the whole case. There was no motion for a directed verdict on the common-law count, no specific request of the court for action upon that count alone.

It results, in our opinion, that the Court of Appeals erred in reversing the judgment of the trial court. The judgment of the Court of Appeals will be here reversed and the judgment of the trial court affirmed.