**John TRACY, Plaintiff-Appellant,**

v.

**FINN EQUIPMENT COMPANY, Defendant-Appellee.**

**Nos. 14217, 14218.**

United States Court of Appeals Sixth Circuit.

May 9, 1961.

Foster D. Arnett and Jack B. Draper, Knoxville, Tenn. (Zelenko & Elking, New York City, of counsel), for appellants.

John H. Doughty, Knoxville, Tenn. (Richard L. Carson, Knoxville, Tenn. of counsel, Hodges, Doughty and Carson, Knoxville, Tenn. on the brief), for appellee.

Before McALLISTER, Chief Judge, SIMONS, Senior Circuit Judge, and O'SULLIVAN, Circuit Judge.

SIMONS, Senior Circuit Judge.

Tracy was employed as a landscape laborer by Meadowbrook Nurseries, Inc., a New Jersey corporation. On September 10, 1958, he was injured while operating a mulching machine which had been purchased by Meadowbrook, a month earlier, from The Finn Equipment Company, the defendant-appellee. Tracy

is a citizen of New York, Finn is an Ohio corporation having a principal place of business in Tennessee. The machine was delivered to Finn at Brooklyn, New York, where Meadowbrook was engaged in landscaping work. On the day of the accident, Tracy had been assigned, as a laborer, for two weeks, and was injured while manually clearing a blower which had been clogged but had not been disengaged. He suffered severe injuries, including the required amputation of his left hand.

Tracy sought recovery on two theories, (1) negligence on the part of Finn in the design of the machine, in that it contained a hidden or latent hazard, which was the proximate cause of his injuries and (2) breach of implied warranty of the safety of the machine for the use to which it was to be put. Finn denied negligence; denied the existence of implied warranty and asserted that if there was such warranty, it had not been breached, and, in any event, did not inure to Tracy's benefit.

Prior to the trial, Finn moved for a judgment on the pleadings or for a partial summary judgment on the claim of breach of implied warranty. The motions were overruled, the case proceeded to trial, was submitted to the jury on both the negligence and the warranty counts and a general verdict returned for Tracy which simply stated that the jury found for the plaintiff and fixed his damages at $65,000. Neither party had requested a special verdict or had submitted interrogatories. Judgment for Tracy was entered by the Court. Finn moved for judgment notwithstanding the verdict, or in the alternative for a new trial. However, the District Judge found that he had erred in submitting the implied warranty count to the jury since, upon a reexamination of the applicable law, he concluded that such warranty did not extend to a corporate employee who was not a purchaser. While he overruled the motion for judgment N.O.V., he did set aside the verdict and granted a new trial.

In response, Tracy filed a motion asking the Court to set aside its order granting a new trial or, in the alternative, that the order be modified to permit application to this court for an interlocutory appeal, pursuant to Section 1292(b), Tit. 28 U.S.C.A., based upon the breach of implied warranty so as to make possible an immediate appeal.

The parties had stipulated that the law of New York applied to the negligence phase of the litigation. The District Judge held that Ohio law applied to the implied warranty count because (under Ohio law), a warranty does not extend to a corporate employee who was not a purchaser since there was no privity between the manufacturer and an employee of the purchaser. The Court declined to set aside its order granting a new trial but did modify it in order to make possible an application for an interlocutory decree. Two appeals have, however, been perfected and are here argued. Tracy urges that the verdict should be reinstated on both counts. He asserts that while the Judge was correct in holding that Ohio law determines the implied warranty issue, he was incorrect in holding that it does not extend to Tracy. Secondly, he urges that even if Tracy's claim on the implied warranty was improperly submitted to the jury, the Tennessee statutes make it mandatory that the verdict be upheld, since there was at least one good count correctly submitted to the jury and supported by substantial evidence, namely, the negligence count, and it is this contention that we must first consider, for the main appeal presents an issue that may be controlling of the entire controversy and may be stated as follows: In federal court litigation, in the state of Tennessee, in cases involving multiple claims, will a general verdict of the jury for the plaintiff be sustained by applying such general verdict to any of the claims for relief which are sound and supported by substantial evidence, even though other claims for relief may have been defective and improperly submitted to the jury, or not supported by substantial evidence?

The negligence count was deemed by the Court to have been submitted to the jury without error and supported by substantial evidence. Moreover, on this appeal, no error has been alleged concerning that claim.

The Tennessee statute here involved is Sec. 20–1317 of the Tennessee Code Annotated:

"Verdict applied to good count

"If any counts in a declaration are good, a verdict for entire damages shall be applied to such good counts (Deriv.Acts 1801, ch. 6, § 63)."

█ While the Act is in this respect procedural, the United States Supreme Court has postulated a policy that in diversity cases the federal courts must follow even the procedural rules of the state in which it sits where an application of a different rule would cause a substantial likelihood of a different result had the matter been tried in the state court. In Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079, the Court indicated the broad effect to be given to Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. That case involved a suit brought in the district court, with jurisdiction based entirely upon diversity of citizenship, to enforce in equity a state created right. There it was said:

"But since a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the state, it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of the right as given by the state."

█ In Byrd v. Blue Ridge Rural Electric Cooperative, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953, the Court agreed that the Erie case supported the broad concept of Guaranty Trust Company, supra, that the federal court should conform as near as may be to state rules, even of form and mode, where the state rules may bear substantially on the question as to whether the litigation would come out one way in the federal court and another way in the state court. It qualified this principle, however, by holding that this may be so only in the absence of other considerations and found that distortion of the common-law judge-jury relationship was among such other considerations because of the command of the Seventh Amendment which requires that, in suits at common-law, the right of control by jury shall be preserved and no fact tried by a jury was to be otherwise re-examined in any court of the United States except according to the rules of the common-law. No federal issue is, however, here involved and no prejudice to the defendant is here perceived. There was a jury trial, a verdict for the plaintiff supported by evidence and a judgment entered upon the verdict. The evidence that applied to the improper count was the same as that in support of the negligence contention, and prejudice is wanting.

Concededly, the Tennessee statute is of ancient vintage but the Tennessee courts have applied it in modern times. Tennessee Central Railway Company v. Umenstetter, 1927, 155 Tenn. 235, 291 S.W. 452, Redding v. Hatcher, 14 Tenn.App. 561, and we have quite recently followed their determination, as stating the applicable law of the state, in Louisville & Nashville Railroad Co. v. Rochelle, 6 Cir., 1958, 252 F.2d 730; Atlantic Coastline Railroad Co. v. Smith, 6 Cir., 1959, 264 F.2d 428.

It follows, from what we have said, that Tennessee law, both statutory and decisional, controls the issue in the main appeal, that the order granting a new trial must be set aside, the jury verdict reinstated, judgment entered for the plaintiff, and the interlocutory appeal dismissed. The case is remanded to the District Court for proceedings consistent with this opinion.

Reversed and remanded.