John TRACY, Plaintiff-Appellee,

v.

The FINN EQUIPMENT COMPANY, Defendant-Appellant.

No. 14840.

United States Court of Appeals
Sixth Circuit.

Nov. 26, 1962.

J. H. Doughty and Richard L. Carson, Knoxville, Tenn., Hodges, Doughty & Carson, Knoxville, Tenn., of counsel, for appellant.

Foster D. Arnett and Jack B. Draper, Knoxville, Tenn., Zelenko & Elkind, New York City, of counsel, for appellee.

Before WEICK and O'SULLIVAN, Circuit Judges, and LEVIN, District Judge.

WEICK, Circuit Judge.

Plaintiff's action in the District Court was to recover damages for personal injuries sustained while using a mulching machine manufactured by defendant which resulted in the amputation of his left hand.

His complaint contained two counts, one in negligence, and the other in implied warranty, both of which were submitted by the trial court to the jury, resulting in a general verdict for plaintiff in the amount of $65,000. The court granted defendant a new trial for error in submitting to the jury the count based on implied warranty. An appeal was taken. We reversed on the ground that under the two-issue rule, in force in Tennessee by virtue of statutory provision, plaintiff could recover on the negligence count despite the error in submitting the count on implied warranty, if the negligence count had been submitted to the jury free from error. 6 Cir., 290 F.2d 498, certiorari denied 368 U.S. 826, 82 S. Ct. 47, 7 L.Ed.2d 30. The District Court, finding no error in respect to the negligence count, entered judgment on the verdict in favor of plaintiff.

The present appeal involves the question whether the negligence count was submitted to the jury free from error. Defendant claims that the court should have directed a verdict in its favor because there was no substantial evidence of negligence on its part in the design and manufacture of the machine; that plaintiff was guilty of contributory negligence as a matter of law; that the court erred in his instructions to the jury.

It was the claim of plaintiff that under the law of New York where the accident took place, a manufacturer of a machine, which is dangerous because of the way it functions, owes to those who use it a duty to make it free from latent defects and concealed dangers. In order to recover, however, the user must allege and prove the existence of the latent defect or danger not known to him or discernible from a reasonable inspection. Inman v. Binghamton Housing Authority, 3 N.Y.2d 137, 164 N.Y.S.2d 699, 143 N.E.2d 895, 59 A.L.R.2d 1072; Campo v. Schofield, 301 N.Y. 468, 95 N.E.2d 802; Messina v. Clark Equipment Co., 263 F.2d 291 (C.A.2).

Plaintiff introduced expert testimony tending to prove that the machine did contain a concealed danger or hazard. The danger was that when an unskilled workman approached the cleaning door of the machine intending to clean out mulching material which frequently matted and clogged the mechanism, stopping the fan, he had no way of being certain that the fan would not start up as soon as he removed the clogging material. The opinion of the expert was that

simple measures could have been adopted to guard against or eliminate these hidden defects or dangers. They were: (1) An electric interlock on the clean-out door which would automatically stop the engine when the door was opened, (2) warnings in the instruction manual to turn off the engine before opening the clean-out door and (3) a warning decal on the face of the clean-out door. We have no right to disregard the testimony of plaintiff's expert witness. We think there was substantial evidence tending to prove negligence on the part of defendant.

■ Relative to the issue of contributory negligence, the evidence including the inferences properly deducible therefrom was conflicting.

Plaintiff was a common laborer employed by Meadow Brook Nurseries, Inc. and sustained the injury in the course of his employment. The mulching machine was owned by his employer. Plaintiff lacked familiarity with machinery. He had worked with the mulching machine for only two weeks. The machine was operated by a crew of three workmen. It was pulled by a truck.

The machine became clogged in the fan housing. Plaintiff disengaged the clutch in accordance with the previous instructions and went around to the clean-out door and opened it. He then called upon a fellow employee named Larry Corado to engage the clutch so that the fan would blow the clogged material out the door. When the material did not blow out he told Corado "No good, Larry. Knock it off." This was an expression which meant to disengage the clutch. Plaintiff then put his hand in the door to pull out the clogging material. He did this four or five times with his hand extending into the clean-out chamber almost as far as his elbow when finally he heard a snap and his hand was gone. He testified that when he put his hand in the second, third and fourth times the fan blade inside was not whirling. He could see no blade.

Corado testified that no such instructions as to "knocking" the machine out

of gear were ever given to him by plaintiff, but this was for the jury to decide.

The clean-out door was located on the opposite side of the machine from where the gear shift lever engaged or disengaged the clutch. The ignition switch was also located on the side near the gear shift lever. From plaintiff's position at the clean-out door he could not see either the gear shift lever or the switch.

The question whether the act of Corado in failing to disengage the clutch was an independent intervening cause was for the jury to determine.

In our judgment, the court did not err in denying defendant's motion for a directed verdict. We think the court correctly charged the jury on the law of the case.

There being no error in the submission of the issue of negligence to the jury the judgment is affirmed.