Samuel R. MELLON, Plaintiff-Appellee,

v.

COOPER–JARRETT, INC., Defendant-Appellant.

No. 19615.

United States Court of Appeals,
Sixth Circuit.

April 17, 1970.

Rudolph Janata, Columbus, Ohio, for defendant-appellant; Charles E. Brant, Wright, Harlor, Morris, Arnold & Glander, Columbus, Ohio, on brief.

Thomas R. Bopeley, Zanesville, Ohio, for plaintiff-appellee; Graham & Graham, by Kenneth Mortimer, Zanesville, Ohio, on brief.

Before EDWARDS, McCREE, and COMBS, Circuit Judges.

PER CURIAM.

In this diversity action, the jury awarded plaintiff $59,700 for personal injuries received when his automobile overturned after being struck by defendant's tractor-trailer. The accident occurred on Interstate 70 in Ohio and Ohio law is applicable. Tracy v. Finn Equipment Company, 290 F.2d 498, 500 (6th Cir. 1961).

The defendant argues on this appeal: (1) plaintiff failed to show a causal connection between the collision and his injuries; (2) the verdict is against the weight of the evidence; and (3) plaintiff should have been required to answer in a pre-trial deposition whether he had been convicted of an offense less than a felony.

■ There is substantial evidence to support the jury's findings and we find no merit in either of the first two assignments of error. Defendant's third assignment of error requires reversal of the judgment.

Prior to trial, defendant took the deposition of plaintiff as if on cross-examination under Rule 26(b), Federal Rules of Civil Procedure. Plaintiff was asked if he had been convicted of a felony and answered, "No." He was then asked if he had been convicted of an offense less than a felony and, on advice of counsel, he refused to answer. The propriety of the question was submitted to the district judge who held that plaintiff was not required to answer.

The questions propounded to plaintiff were as follows:

"Q (By Mr. Brant) All right. Have you ever been convicted of a felony?

"A Oh, no.

"Q Have you ever been convicted of a lesser criminal offense?

"MR. BOPELEY: I object. Instruct the witness not to answer the question.

"MR. BRANT: Will you instruct the witness to answer the question.

"THE NOTARY: I instruct you to answer the question.

"MR. BOPELEY: And I instruct you not to answer it, Mr. Mellon.

"Q (By Mr. Brant) Have you ever been convicted of operating a motor vehicle while under the influence of alcohol or drugs?

"MR. BOPELEY: We will object to the question. Instruct the witness not to answer the question.

"MR. BRANT: Instruct the witness to answer the question.

"THE NOTARY: I instruct you to answer the question.

"MR. BOPELEY: Do not answer it, Mr. Mellon upon my advice."

■ Plaintiff should have been required to answer the questions. The scope of examination permitted under Rule 26(b) is broader than that permit-

ted at trial. 4 Moore's Federal Practice § 26.17, p. 1225. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence.

■ Plaintiff's credibility was of crucial importance in the case. He and defendant's driver were the key witnesses as to how the accident occurred. We are of opinion that the line of interrogation which defendant's counsel attempted to pursue was reasonably calculated to lead to the discovery of admissible evidence. It cannot be said, therefore, that the error in failing to require plaintiff to answer was harmless.

The judgment is reversed and the case is remanded for proceedings consistent with this opinion.