**ROTO–FINISH COMPANY, Plaintiff,**

v.

**ULTRAMATIC EQUIPMENT COM-PANY, Defendant.**

**No. 71 C 1108.**

United States District Court,
N. D. Illinois.

Oct. 31, 1973.

Hibben, Noyes & Bicknell, Chicago, Ill., Gordon W. Hueschen, Kalamazoo, Mich., for plaintiff.

Charles F. Pigott, Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

BAUER, District judge.

This cause comes on the plaintiff's motion to compel the defendant to answer certain interrogatories and to produce certain documents pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

This is an action seeking to redress an alleged patent infringement pursuant to 35 U.S.C. § 271 and § 281. Jurisdiction is conferred upon this Court by 28 U.S. C. § 1338(a).

The plaintiff, Roto-Finish Company, alleges in its complaint that the defend-

ant, Ultramatic Equipment Company, has infringed its Balz patents, Nos. RE27,084 and 3,161,997, relating to vibratory finishing machines in which metal parts are mixed with relatively small hard particles and vibrated so as to polish the metal parts and to remove burrs, sharp edges and the like. The plaintiff's Patent No. 3,161,997 is a method patent relating to the recirculating of fluid through the machine. The plaintiff further contends that the defendant has induced infringement of this method patent by reason of the practicing of the patented process by defendant's customers who are allegedly direct infringers.

Plaintiff's Interrogatories 14, 15 and 186 request the names and addresses of the purchasers and users of defendant's vibratory finishing machines that were provided with liquid recirculating equipment and the dates such sales were made by defendant to such purchasers. The plaintiff, in its Interrogatories Nos. 32 and 33 and its Request to Produce No. 5, seeks all documents and sales records relating to sales and use of such vibratory finishing machines provided with such recirculating equipment.

The defendant objects to these interrogatories and request to produce on the grounds that: (1) the identity of defendant's customers or prospective customers and sales records are confidential because the plaintiff and the defendant are direct competitors; (2) pending patent applications are confidential; (3) any written opinion which defendant received from its attorneys in connection with either of the two patents in suit come within the attorney-client privilege.

The plaintiff, in support of the instant motion, contends that: (1) it is incumbent upon the plaintiff to prove acts of direct infringement by defendant's customers in order to establish defendant as an inducer or contributor infringer. Aro Mfg. Co. v. Convertible Top Co., 365 U.S. 336, 81 S.Ct. 599, 5 L. Ed.2d 592 (1961); Popeil Brothers, Inc., v. Schick Electric, Inc. et al., 356 F. Supp. 240 (N.D.Ill., 1972): (2) The plaintiff must be provided with the names and addresses of the purchasers and users of defendant's machines equipped with recirculating equipment in order that it may develop for use at trial evidence as to the precise construction of the machines and their manner of use by the customer; such evidence will aid the Court in determining whether or not defendant's machines are being used by its customers to practice the plaintiff's patented method.

■ It is well settled that the Federal Rules of Civil Procedure provide the broadest possible discovery. Federal courts have consistently chosen to maintain that liberal interpretation of the rules. Mellon v. Cooper Jarrett, Inc., 424 F.2d 499 (6th Cir. 1970); Spier v. Home Insurance Company, 404 F.2d 896 (7th Cir. 1968); Peterson v. United States, 52 F.R.D. 317 (S.D.Ill.1971); General Telephone and Elec. Lab. Inc. v. National Video Corp., 297 F.Supp. 981 (N.D.Ill.1968). The defendant has failed to demonstrate that production of the requested documents and answers to the contested interrogatories would be annoying, burdensome, or completely irrelevant to the thrust of the instant litigation. The plaintiff adequately contends that the answers to interrogatories and production of relevant documents will significantly enhance the plaintiff's ability to properly present its cause of action.

■ Thus it is the opinion of this Court that the defendant should properly respond to the contested interrogatories and produce the requested documents. However, the defendant need not disclose future customers or potential market areas, pending or future patent applications, or matter covered by the attorney-client privilege. Further, the defendant may consider it wise to present this Court with a properly worded protective order to protect certain

business information and business relationships.

Accordingly, it is hereby ordered that plaintiff's motion to compel answers to certain interrogatories and the production of relevant documents is granted as outlined above.