Marilyn WATTS, Administratrix of the Estate of Tom Watts, Deceased, Plaintiff-Appellee,

v.

MACK TRUCKS, INC. and Leonard Stewart, Defendants-Appellants.

No. 73–1456.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 1974.

Jon E. Jones, Cookeville, Tenn., on brief for defendants-appellants; Maddux, Moore & Jones, Cookeville, Tenn., of counsel.

John H. Poteet, Cookeville, Tenn., on brief for plaintiff-appellee; Snow & Poteet, Cookeville, Tenn., of counsel.

Before EDWARDS and LIVELY, Circuit Judges; and WILSON,* District Judge.

PER CURIAM.

In this diversity action a fireman of the City of Cookeville, Tennessee recovered damages for personal injuries from Mack Trucks, Inc. and Leonard Stewart, an employee of Mack. The plaintiff has since died and the administratrix of his estate has been substituted as appellee.

The City of Cookeville purchased two new pumper fire trucks from Mack; and Watts, an experienced fireman, was injured while the new trucks were being tested at a nearby lake. As part of the tests, a three-inlet "deluge gun" which was not manufactured by Mack, was

---

* Honorable Frank W. Wilson, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

being used. The tests had been in progress for approximately two hours when the injury occurred. It was testified that Watts and Stewart had stationed themselves at a panel on the fire truck some distance from the deluge gun and that other members of the Cookeville Fire Department from time to time had connected and disconnected various hoses used in performing the tests. There was a valve on the control panel by which the pressure in the lines could be lowered and raised and in addition there was a red button which could be depressed for immediate shutoff of pressure to the lines.

The plaintiff testified that he noticed that one of the hoses had become damaged and advised Stewart not to proceed with the tests until this hose could be replaced. The plaintiff and another fireman had removed the damaged hose and connected a different one and the plaintiff was involved in attempting to roll up the damaged hose when he was injured. The injury occurred when the deluge gun suddenly moved away from the spot where it had been positioned, throwing a fireman who had been standing on a platform on the gun into the lake some 15 to 18 feet away, and striking the plaintiff in the back and shoulder. At the time of the accident, Stewart had left the control panel on the side of the truck and it was unattended. It took 15 or 20 seconds before anyone could reach the red button to deactivate the pressure, and during this time the deluge gun was out of control. The plaintiff testified that he did not know that Stewart had left the control panel and that he would not have worked in the area of the gun or permitted the other firemen to do so if he had known that the panel was unattended.

The contract of sale between Mack Trucks, Inc. and the City of Cookeville contained the following provision:

A qualified delivery engineer representing the manufacturer shall deliver the apparatus and remain in the community for a sufficient time, normally three or four days, to instruct fire department personnel in the operation, care and maintenance of the equipment delivered.

Leonard Stewart testified that he was the delivery engineer representing Mack in connection with the delivery of the pumper which was being tested at the time of plaintiff's injury. In his complaint the plaintiff charged Mack Trucks, Inc. and Leonard Stewart with negligence and Mack with breach of contract. The case was submitted to the jury under both theories.

■ There is substantial evidence of negligence on the part of Leonard Stewart, the agent and employee of Mack Trucks, Inc. and the verdict of the jury insofar as it was based on a finding of negligence and proximate cause may not be disturbed. On appeal it is contended that the trial court should have directed a verdict for the defendants on the issue of breach of contract, or at the very least should have submitted the question of the plaintiff's right to recover as a third party beneficiary under a charge with regard to privity and the class of persons to whom the contract rights, benefits and duties flowed. However, under the record in this case no prejudicial error could exist with regard to the trial court's instruction on the contract theory of the lawsuit. The general verdict in favor of the plaintiff and against both defendants indicates that the jury based its decision on a finding of negligence since Leonard Stewart was not liable under the contract theory and could only be liable for negligence. Mack Trucks, Inc. was also liable for the negligence of Leonard Stewart under the doctrine of respondeat superior. As previously pointed out, there is sufficient evidence of negligence and proximate cause to support such a verdict.

Furthermore, none of the parties requested that the jury make special findings or that the issues be submitted on interrogatories, and the jury rendered a general verdict in favor of the plaintiff. Section 20–1317 of the Tennessee Code Annotated provides that if any counts in

a declaration are good, a jury verdict shall be applied to such counts. This court has applied this statute in diversity cases where a general verdict is rendered on the basis of at least one properly submitted issue which is supported by substantial evidence even though other claims may have been improperly submitted. Tracy v. Finn Equipment Co., 290 F.2d 498 (6th Cir.), cert. denied, 368 U.S. 826, 82 S.Ct. 47, 7 L.Ed.2d 30 (1961). See Adkins v. Ford Motor Co., 446 F.2d 1105 (6th Cir. 1971), for further discussion of this principle at page 1108.

Appellants also contend that the trial court erred in refusing to instruct the jury concerning the status of Bituminous Casualty Corporation, the workmen's compensation carrier of the City of Cookeville. Bituminous was not a party to the action until the defendants made a motion to require amendment of the complaint making Bituminous Casualty Corporation a party plaintiff because of its right of subrogation to the extent of the workmen's compensation benefits paid to Watts. Thereafter Bituminous filed an intervening petition and the parties entered into an agreed order that Bituminous was entitled to a lien on any recovery of Watts in the action for money already paid and for any future liability which it might incur under the Workmen's Compensation Act of the State of Tennessee up to and including the maximum provided by statute.

Bituminous did not take part in the trial and the jury would never have known of its presence except for answers elicited from the plaintiff and other witnesses on cross-examination by the defendants. The defendants managed to get before the jury the fact that plaintiff was covered by workmen's compensation, that he could recover up to $18,000 from Bituminous and that it would go directly to him and not to the City. On cross-examination the city manager of Cookeville testified that if Watts should receive a lump sum workmen's compensation settlement from Bituminous he would not be required to re-pay it to the City. Under the circumstances of this case we do not believe it was error for the court to refuse to instruct the jury as requested by the defendants. The only information which the jury had concerning Bituminous, from the testimony, was that it had already paid certain sums to the plaintiff and might be liable to pay additional sums and that the plaintiff was not required to refund these to the City. All of this evidence was calculated to benefit the defendants rather than the plaintiff since it advised the jury that the plaintiff was already recovering from another source for the very injuries sued for and if it affected the verdict at all, the only logical effect it could have would be to reduce rather than increase it. There was no prejudicial error in the court's refusal to give the requested instruction.

The judgment of the district court is affirmed.