The **AMERICAN ANGUS ASSOCIATION,**
Plaintiff,

v.

**SYSCO CORPORATION, Sysco Food Services, Inc., and Bell Sysco Food Services, Inc., Defendants.**

Civ. No. 1:92CV190.

United States District Court,
W.D. North Carolina,
Asheville Division.

May 23, 1994.

See also 829 F.Supp. 807.

David M. Carter, Carter & Schnedler, Asheville, NC, and Richard T. Rossier and Marc Miller, McLeod, Watkinson & Miller, Washington, DC, for plaintiff.

Steve Rosenblatt, Paula Morris, Rosenblatt & Associates, P.C., Houston, TX, and Joseph P. McGuire and Richard Wood, McGuire, Wood & Bissette, P.A., Asheville, NC, for defendants.

### ORDER

RICHARD L. VOORHEES, Chief Judge.

THIS MATTER is before the Court on the Plaintiff's motion to compel the production of documents, filed October 22, 1993. Pursuant to the parties' request, the Court granted an extension of time for the Defendants' response so the parties could attempt to resolve the matter. The Court has been advised those attempts were fruitless.

The history of this litigation is well known to the Court. Since the initiation of the lawsuit in the Fall of 1992, the parties have fought tooth and nail over every aspect of the litigation. The prolific filings of the parties seem to be outweighed only by the volume of papers included in the pleadings. The parties have often burdened the scarce resources of the Court with matters which should have been resolved between counsel.

The Court is now obligated to mediate the parties' inability to resolve discovery disputes concerning issues which are patently obvious.

### I. THE DISPUTED DISCOVERY

True to form, the parties cannot even agree on which issues are left for resolution by the Court. American Angus Association (American Angus) advises that all discovery disputes were resolved by letter dated December 3, 1993, except for Document Request Nos. 105–107 (which appear aimed at credibility impeachment) and those Document Requests as to which Defendants claim the documents are already in the possession of Plaintiff. **Plaintiff American Angus Association's Reply to Defendants' Opposition to Plaintiffs' (sic) Motion to Compel, filed January 19, 1994 (Plaintiff's Reply).** Defendants respond that 1) they should not be obligated to organize the documents produced to Sysco by American Angus in connection with Sysco's discovery requests in response to Document Requests by American Angus; 2) they should not be required to produce anything other than information related to one lawsuit in response to Request Nos. 105–107; and 3) they should not be required to produce documents from subsidiaries or divisions of Sysco. **Defendants' Surreply Regarding Plaintiff's Motion to Compel, filed February 2, 1994 (Surreply).**

Because the parties have asked the Court to resolve the issues identified above, the Court finds that this motion is limited to those issues. Nonetheless, the Court has reviewed the letters of November 30, 1993, from Paula Morris of Rosenblatt & Associates, P.C., representing the Defendants and December 3, 1993, from Richard Rossier of McLeod, Watkinson & Miller, representing the Plaintiff. It appears that the parties are either in agreement or in substantial agreement as to any remaining issues. The parties are in agreement as to paragraphs 1, 3, 4, 5, and 8 of those letters. The Court finds the language of paragraph 6 of the letter

from Paula Morris dated November 30, 1993, should control and that the parties are not in agreement as to the second sentence of paragraph 7 of the same letter. However, it appears the parties are in substantial agreement as to this document request. Because the Plaintiff did not specifically request a ruling on this issue, the Court urges the parties to resolve whatever dispute may remain. The Court also finds that the Plaintiff has agreed that privileged documents are not an issue provided that the Defendants produce a privilege log. Defendants will be ordered to do so.

## II. THE DISCOVERY RULES

At this point, the parties are still operating under the Federal Rules of Civil Procedure effective prior to the December 1993 amendments because the suit was filed prior to that time.[1] Rule 26(b) provides in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party,.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b).

■ Document Requests Nos. 105–107 seek to discover information from the Defendants concerning, *inter alia,* administrative, civil, criminal or licensing proceedings against Defendants involving false or misleading advertising and trademark infringement. Defendants respond "with the exception of normal day-to-day administrative proceedings before the Patent and Trademark Office, which are voluminous and totally irrelevant to this action, the only lawsuit in which Sysco has been involved related to any patent, trademark, or trade dress issue is a lawsuit related to a Tone Bros. design patent covering a spice bottle." **Opposition to Plaintiff's Motion to Compel, filed December 9, 1993, at 6.**

Obviously, one purpose of the information Plaintiff seeks would be for impeachment of Defendants' witnesses at trial. However, it is also clear that such discovery could lead to other substantive evidence. "Discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition. Inquiry is routinely allowed about criminal convictions of a party or witness and similar matters that go to his credibility." 8 Wright & Miller, *Federal Practice and Procedure: Civil,* § 2015 at 113 (1970); *Mellon v. Cooper–Jarrett, Inc.,* 424 F.2d 499 (6th Cir.1970) (reversible error to refuse to allow a party to find out through discovery about the criminal record of the opposing party); *Chiasson v. Zapata Gulf Marine Corp.,* 988 F.2d 513 (5th Cir.1993); *Fisher v. National Railroad Passenger Corp.,* 152 F.R.D. 145 (S.D.Ind.1993). Defendants' response that there is only one "lawsuit" is vague and omits references to the other areas as to which discovery is sought. Moreover, while Defendants claim the administrative proceedings before the Patent and Trademark Office are voluminous and irrelevant, they have not explained why the documents are irrelevant. Defendants therefore are compelled to produce the documents sought.[2]

■ Document Request Nos. 20 and 21 relate to licensing and sales by Defendants' subsidiaries and divisions of the Certified Angus Beef product. Request Nos. 47 and 54 relate to the Defendants' claims that

---

1. The Court notes, however, that it has the authority to make the amendments effective to this case. Should the Court choose to do so, the parties would then conduct discovery under the aegis of Rules 26 and 37, as amended. Rule 26 mandates the exchange of core discovery by the parties without any discovery requests. *See* Fed. R.Civ.P. 26(a). Rule 37 provides that should a party fail to comply with core discovery, the court has the authority not only to exclude the

evidence at trial, but also to advise the jury of the party's failure to engage in such discovery. *See* Fed.R.Civ.P. 37(c).

2. Of course, to the extent that certain documents are privileged, the Defendants may produce a privilege log. Defendants have claimed privilege as to various categories but still have not produced a privilege log.

Plaintiff has restricted access to licensing agreements to Defendants' subsidiaries. Such material is obviously relevant to the action. *Camden Iron & Metal, Inc. v. Marubeni America Corp.*, 138 F.R.D. 438, 441 (D.N.J.1991) (**"Information is relevant if it 'involves any matter that bears on, or that may reasonably lead to matter that could bear on, any issue that is or may be in the case.' "** (citation omitted)). "[A] litigating parent corporation has control over documents in the physical possession of its subsidiary corporation where the subsidiary is wholly owned or controlled by the parent." *Id.* at 441. No party has placed before the Court sufficient information to assess which subsidiaries or divisions are involved and whether or not Defendants wholly own or control those entities. Nonetheless, the Court advises the litigants that if Defendants do have such control over subsidiaries and divisions and would have access to such documents in the normal course of business, discovery is warranted under Rules 34 and 26. *Id.* The parties are admonished to resolve these issues without further involvement of the Court.[3]

█ The last issue involves documents which were produced by Plaintiff in response to Defendants' own discovery requests. Plaintiff now asks Defendants to produce those same documents if they will be used by Defendants to establish certain affirmative defenses and counterclaims. Defendants claim

> AAA has produced a large number of documents to Sysco. To the extent that these documents have been segregated by subject matter, those segregated documents are attached to Sysco's various motions for summary judgment. *Therefore, AAA already has in its possession, and Sysco already has identified (as exhibits to Sysco's motions for summary judgment), all of the AAA documents of which Sysco is aware which support Sysco's various claims.*

Opposition to Plaintiff's Motion to Compel, filed December 9, 1993, at 3–4 (emphasis added). The Court will hold Defendants to their response. In the event that Defendants attempt to introduce into evidence or place before the jury additional documents not disclosed to Plaintiff, such documents and evidence will be excluded. Defendants may neither argue nor present evidence as to any document not included in the exhibits to Sysco's motions for summary judgment.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion to compel is hereby **GRANTED,** and the Defendants are required to produce the documents requested in accordance with the following terms and provisions:

1. The Defendants must produce a privilege log as to any document claimed to be privileged from discovery;

2. The parties statements in paragraphs 1, 3, 4, 5 and 8 of the letters of November 30, 1993, from Paula Morris, Esq., and of December 3, 1993, from Richard Rossier, Esq. are in substantial agreement and the parties shall comply with the statements made therein;

3. The language of paragraph 6 of the letter dated November 30, 1993, from Paula Morris, Esq., controls the agreement of the parties;

4. Defendants shall produce the documents requested in Document Request Nos. 105–107, subject to a claim of privilege;

5. Document Request Nos. 20, 21, 47 and 54 refer to discoverable information which shall be produced by the Defendants if they have control over a subsidiary or division and would have access to the documents sought in the normal course of business; and

6. Defendants have identified as exhibits to Sysco's motions for summary judgment all of the documents formerly

---

**3.** In addition, neither party identified by number which Document Requests are involved with the generic description of documents which are in the custody of subsidiaries and divisions of Sysco. The Court does not limit its ruling to the documents identified above. If other documents qualify and meet the standard of discoverability set forth in Rule 26, the parties are expected to resolve their dispute as to these documents as well.

produced by Plaintiff in response to Defendants' discovery requests and which support Sysco's claims against the Plaintiff. Any other such documents responsive to the documents requests of Plaintiff which are not produced by Defendants without further request or Court order shall be inadmissible in evidence at trial and Defendants shall be precluded from referring or mentioning such documents or evidence before the jury.