IN THE MATTER OF:          )
THE ESTATE OF MARY ARDELLE GOWER  )
         )
WILLIAM STEVEN JONES, Executor of     )
the Estate of Mary Ardelle Gower,     )
         )
    Proponent/Appellant,     )    Appeal No.
         )    01-A-01-9710-CH-00605
v.         )
         )    Wayne Chancery
TYSON ROBERTSON, BESSIE LEWIS,     )    No. 127-P
DANNY GOBBELL, PAT HENKEL and     )
MARILYN WHITTEN,     )
         )
    Contestants/Appellees.     )
         )

**FILED**

**July 1, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT FOR WAYNE COUNTY

AT WAYNESBORO, TENNESSEE

THE HONORABLE ROBERT L. JONES, CHANCELLOR

JERRY SCOTT
JOHN KEA
Scott & Kea
110 City Center Building
100 East Vine Street
P. O. Box 1216
Murfreesboro, Tennessee  37133-1246
    ATTORNEYS FOR APPELLANT

RANDY HILLHOUSE
Hillhouse & Huddleston
212 Pulaski Street
P. O. Box 787
Lawrenceburg, Tennessee  38464
    ATTORNEY FOR APPELLEES

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

# OPINION

Mary Ardelle Gower died on August 11, 1995 in Wayne County, Tennessee at the age of 73. Her will was offered for probate by William Steven Jones, the executor therein named and the sole beneficiary of the will.

Tyson Robertson, Bessie Lewis, Danny Gobbell, Pat Henkel and Marilyn Whitten, the heirs at law of Mary Ardelle Gower by intestate succession contested the will before the Chancery Court of Wayne County, Tennessee and a six person jury on three grounds to-wit:

> 1. The will was not executed in conformity with T.C.A. § 32-4-101 et seq.
> 2. The testatrix was of unsound mind at the time of the execution of the purported will on January 19, 1995, and
> 3. The will was the product of undue influence by William Steve Jones over the testatrix. Included within the issue of undue influence was the allegation that a confidential relationship existed between William Steve Jones and Mary Ardelle Gower.

The jury returned a general verdict in favor of the contestants of the will which verdict was approved by the trial judge.

The proponent of the will appealed asserting two issues for review:

> I. The jury instructions mis-stated the law and misled the jury concerning what the contestants had to prove in order to establish a confidential relationship and essentially charged the jury with determining the status of the law regarding confidential relationships.

> II. The jury instructions mis-stated the law and misled the jury regarding the elements the contestants had to prove in order to establish a presumption of undue influence, thereby improperly shifting the burden of proof to the proponent.

In view of the limited issues presented on appeal a detailed recitation of facts is not necessary. It suffices to say that Mary Ardelle Gower died August 11, 1995 leaving a personal estate valued at $191,000.00 and real property valued at $87,000.00.

On July 19, 1995 she had executed a will prepared by David Comer, an experienced lawyer in Lawrence County, Tennessee. In this will she left all of her property to her friend William Steven Jones, and further provided in part:

> I make the above devise and bequest with the full realization that my surviving bodily heirs are excluded from sharing in the bounty of my estate. I do this not from any lack of love or affection for said heirs, but because it is my desire that my friend, William Steven Jones, receive the bounty of my estate for his care of me during my latter years.

William Steven Jones was a minister in the Methodist church attended by Mary Ardelle Gower and had befriended her in the last years of her life.

In this case the court charged the jury that the proponent of the will had the burden of proving that the will was executed in conformity with Tennessee law. No objection is made to the charge of the court in this respect and no issue is asserted as to this portion of the charge on appeal.

The court charged the jury that the contestants had the burden of proving unsoundness of mind of the testatrix. No objection to this portion of the charge was made in the trial court and no issue relating thereto is asserted on appeal.

The issues on appeal asserted by the appellant relate solely to the charge to the jury concerning undue influence and confidential relationship. Specifically appellant objects to the portion of the charge stating:

> . . . If the person in the dominant or controlling role is an attorney with regard to a client, a guardian with regard to a ward, a psychiatrist with regard to a patient, a trustee of a trust fund with regard to the beneficiary of that trust.
>
> And in some cases -- and I'm not expressing an opinion one way or the other in this case. But in some cases a minister or a clergyman having a close relationship with a member of his congregation might be in such a relationship.
>
> But in this case, please understand I am not commenting on the evidence or on the facts of this case. I am merely explaining to you that in these attorney/client,

trustee/beneficiary, guardian/ward type situations, there is a confidential relationship established as a matter of law.

For example, if Mr. Comer had been a beneficiary of this will, after having prepared it and serving as her attorney for a number of years, I could have instructed you as a matter of law that Mr. Comer was in a confidential relationship and that he would have the burden of proving that undue influence did not exist and that she got independent advice or in some other way was exercising her free agency and will.

What I'm saying, however, is that while the jury could conclude that a clergyman is in that role, I can not as a matter of law say that's the situation in this case.

While it is true that the burden rests upon the trial court to give an accurate statement of the law, **Street v. Calvert**, 541 S.W.2d 576, 584 (Tenn. 1976), it is likewise true that perfection in the charge is not the criterion for affirmance or reversal. **Davis v. Wilson**, 522 S.W.2d 872, (Tenn.Ct.App.1974). As stated therein:

> The complaints in regard to the charge and omissions therefrom are not entirely unfounded. Seldom is a charge delivered to a jury which could not be improved. It is better practice for the trial judge to reduce his charge to writing before delivery and to carefully compare its verbiage with that of the special requests submitted by counsel so that all proper words, phrases and rules may be included. Nevertheless, perfection is not the criterion for affirmance or reversal; and a charge which states the law with substantial accuracy and fairly submits the issues to the jury should not be grounds for reversal.

522 S.W.2d 872, 884.

For a fact situation similar to the case at bar, in which a similar jury instruction was upheld by the court, see **Hale v. Bradley,** 817 S.W.2d 320, (Tenn.Ct.App.1991).

In another context this court has held:

[7, 8] The trial court is the jury's sole source for the legal principles to guide their deliberations. *State ex rel. Myers v. Brown*, 209 Tenn. 141, 148-49, 351 S.W.2d 385, 388 (1961). Thus, trial courts must give accurate instructions with respect

to the parties' respective theories, *Street v. Calvert*, 541 S.W.2d 576, 584 (Tenn.1976), and must frame the instructions in plain words that average jurors will understand. *Gross v. Nashville Gas Co*, 608 S.W.2D 860, 872 (Tenn.Ct. App.1980); *Martin v. CastnerKnott Dry Goods Co.*, 27 Tenn. App. 421, 431, 181 S.W.2D 638, 642 (1944).

[9] We do not measure jury instructions against the standard of perfection. *Davis v. Wilson*, 522 S.W.2D 872, 884 (Tenn. Ct. App. 1974). Instead, we review the entire charge just as the jury would, *Memphis St. Ry. v. Wilson*, 108 Tenn. 618, 620, 69 S.W. 265, 265 (1901); *Abbott v. American Honda Motor Co.*, 682 S.W.2D 206, 209 (Tenn. Ct. App. 1984) and we will not invalidate it as long as it fairly defines the legal issues involved in the case and does not mislead the jury. *Smith v. Parker*, 213 Tenn. 147, 156, 373 S.W.2d 205, 209 (1963); *Railroad Co. v. Spence*, 93 Tenn. 173, 187, 23 S.W. 211, 215 (1893).

*Grissom v. Metro Gov't of Nashville*, 817 S.W.2D 679, 685 (Tenn.Ct.App.1991).

In this case, if the portions of the charge asserted by the appellant are taken in isolation from the remainder of the court's charge on undue influence and confidential relation, serious questions would arise. However, when these portions of the charge are taken in conjunction with the remainder of the extensive charge given by the court on undue influence and confidential relation, the problem is resolved.

On the whole the charge of the trial court on these issues was adequate. *In re: Estate of Elam*, 738 S.W.2D 169, 176 (Tenn. 1987).

A more compelling reason appears for affirming the judgment of the trial court. This case was submitted to the jury for a general verdict without objection by any party. Specifically the record discloses:

THE COURT . . . I'm instructing you to return a general verdict and tell us this will is valid and admissible to probate or this will is invalid and not admissible to probate; or, for simpler purposes, the will is good or the will is bad under the law.

That's the verdict you're being asked to do or to return, one way or the other, according to how you find the facts and apply the law to those facts in this case.

Anything from either of the parties?

MR. HILLHOUSE: No.

MR. ROSS: No, Your Honor.

Over a century ago the United States Supreme Court held in *Maryland v. Baldwin*, 112 U.S. 490 (1884) that if a general verdict was returned by the jury in a case involving two or more theories of liability and reversible error appeared as to any one of the theories submitted then the case had to be reversed and a new trial granted because the court on appeal had no way of knowing the basis for the jury verdict.

On the trial, evidence was introduced bearing upon all the issues, and if any one of the pleas was, in the opinion of the jury, sustained, their verdict was properly rendered, but its generality prevents us from perceiving upon which plea they found. If, therefore, upon any one issue error was committed, either in the admission of evidence, or in the charge of the court, the verdict cannot be upheld, for it may be that by that evidence the jury were controlled under the instructions given.

*Maryland v. Baldwin*, 112 U.S. 490, 493 (1884).

Tennessee has, however, by statute predating *Baldwin,* adopted a completely opposite rule. Tennessee Code Annotated section 20-9-502 and 20-9-503. These sections were first enacted as § 2969 and § 4247 of the Tennessee Code of 1858 respectively. They have not changed significantly in the one hundred and forty years since that time.

Under these statutes it is held that if a verdict is sustainable on any one ground submitted to the jury, erroneous instructions as to another count is harmless error and not a basis for reversal. *Tutton v. Patterson*, 714 S.W.2D 268 (Tenn. 1986).

In the leading case under these statutes of *Tennessee Central Railroad Co. v. Umenstetter*, Chief Justice Grafton Green observed:

> The Court of Appeals found that there was evidence to take the case to the jury on the statutory count. That court, however, did not find any evidence to take the case to the jury on the common-law count. The trial judge instructed the jury as to the liability of the defendant below under the common law, as well as under the Statute. While the Court of Appeals discovered no error in the charge upon the common-law count, they concluded that such a charge must have been misleading to the jury, as they found no evidence of common-law negligence, and for this reason the judgment below was reversed and a new trial awarded.
>
> We do not find it necessary to review the facts of the case. The Code provides as follows:
>
> "If any counts in a declaration are good, a verdict for entire damages shall be applied to such good counts." Thompson's-Shannon's Code, § 4694.
>
> A general verdict was returned for plaintiff, and under the statute just quoted this verdict must be applied to that count of the declaration which there is evidence to sustain. Although there be no evidence of common-law negligence, the verdict herein was good, since it is conceded there is evidence of the failure to observe the statutory precautions.

*Tennessee Cent. Ry. Co. v. Umenstetter*, 155 Tenn. 235, 237, 291 S.W. 452, 453 (1927).

After distinguishing cases predating Chapter 32 of the Public Acts of 1911 (the harmless error statute) the Supreme Court reversed the Court of Appeals and reinstated the judgment of a trial court sustaining a general verdict.

> Keeping in mind the provisions of the statute just quoted, it would have to appear to us affirmatively that the charge of the trial judge upon common-law negligence influenced or affected the verdict of the jury, before we would be justified in reversing the judgment below on that account.
>
> Counsel for the plaintiff in error has made a strong argument here to sustain the conclusion of the Court of Appeals that there was no evidence of common-law negligence offered on the trial. At the same time he conceded that there was evidence of the failure to observe the statutory precautions. Could we reasonably be asked in such circumstances to refer the verdict of the jury to the common-law count? Could we say that the jury found the plaintiff in error breached its common-law duties, when there was no evidence of such breach? On the other hand, are we not compelled to say that the jury found the plaintiff in error to have breached its statutory duties, it being admitted that there

was evidence to this effect. Certainly there is nothing before us to show affirmatively that the jury based the verdict upon the count not sustained by proof, rather than upon the count sufficiently supported by proof, or to show that the jury was confused by the charge.

We cannot escape the act of 1911 in disposing of this case. We do not think a mere abstraction of the trial judge in delivering his instructions to the jury invaded any constitutional rights of the parties.

The Court of Appeals expressed the opinion that, since the practice of directing verdicts upon separate counts of a declaration had come into vogue, the effect of section 4694, Thompson's-Shannon's Code, (now T.C.A. 20-9-502) might be obviated. Be that as it may, although there was a motion for a directed verdict in favor of defendant below at the close of the proof, it was a motion for a directed verdict upon the whole case. There was no motion for a directed verdict on the common-law count -- no specific request of the court for action upon that count alone.

*Tennessee Cent. Ry. Co. v. Umenstetter*, 155 Tenn. at 239, 291 S.W. at 453.

This statutory mandate as to the effect to be given to a general verdict applies in a will contest. ***Davidson v. Gilreath,*** 273 S.W.2d 717 (Tenn.Ct.App. 1954).

In ***Tutton v. Patterson*** the jury returned a general verdict in a case submitted on three theories of liability. The Court of Appeals reversed because of error in the charge as to one of these theories. The Supreme Court of Tennessee granted certiorari and reversed the Court of Appeals holding:

[3, 4]   The Court of Appeals determined that the trial court's charge on the vicarious liability count was erroneous and vacated the judgment against Dr. Patterson and remanded the cause for a new trial without considering whether the error was harmless. We are of the opinion that the trial court's error, if any, was harmless error.

T.C.A. § 20-9-502 provides as follows:

*Verdict applied to good account.* [sic] -- If any counts in a declaration are good, a verdict for entire damages shall be applied to such good counts.

Tennessee courts have held on the basis of the above quoted statute that a trial court's erroneous instruction on one count of a multicount suit is harmless error if its instructions as to the other counts were proper. *Tennessee Cent. Ry. Co. v. Umenstetter*, 155 Tenn. 235, 237, 291 S.W. 452 (1927);

> *Bloodworth v. Stuart*, 221 Tenn. 567, 577, 428 S.W.2d 786
> (1968). "[A] general verdict approved by the trial judge is
> not vitiated by the absence of proof on one or more counts of
> the declaration if there is evidence to sustain the averments
> of a single count." *Alex v. Armstrong*, 215 Tenn. 276, 286,
> 385 S.W.2d 110 (1964); *Valentine v. Concemco, Inc.*, 588
> S.W.2d 871, 877 (Tenn. App. 1979).

**Tutton v. Patterson**, 714 S.W.2d 268, 271 (Tenn. 1986).

In this case the trial judge submitted to the jury three separate issues. If the contestants could prevail on any one of the issues the will in question would be invalid regardless of the outcome of the other issues. Appellant complains on appeal only as to certain instructions dealing with the undue influence issue and its companion issue of confidential relation. No objection is asserted on appeal as to the issue of unsoundness of mind or the issue of whether or not the will was executed under procedures mandated by law.

While counsel for appellant was not counsel in the trial court, we must note that the motion for a directed verdict made in the trial court was a general motion as to all issues and not specifically directed at each issue. Likewise no issue is made on appeal as to the failure of the trial court to grant the motion for a directed verdict on all issues.

One can glean from the remarks of the trial judge that he was not particularly impressed with the issue about the execution of the will. But the issue was nonetheless submitted to the jury and not the subject of a directed verdict or a judgment notwithstanding the verdict. In any event the trial judge approved the general verdict and on appeal this court is compelled by statute to attribute the verdict of the jury to the count alleging unsoundness of mind of the testatrix, this ground for invalidating the will being unchallenged on appeal.

The judgment of the trial court is in all respects affirmed and the case is remanded for further proceedings as may be deemed necessary by the trial court.

Costs of this cause are assessed against the appellant.


_____
                             WILLIAM B. CAIN, JUDGE




CONCUR:




_____
HENRY F. TODD, PRESIDING JUDGE




_____
BEN H. CANTRELL, JUDGE